FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Nicole Bergstrom
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175
erosenthal@fkks.com
nbergstrom@fkks.com

*Attorneys for Defendant Scholastic Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
JOSEPH SOHM and VISIONS OF AMERICA, LLC,

                    Plaintiffs,

            v.

SCHOLASTIC, INC.,

                    Defendant.
------------------------------------ X

Case No: 16-cv-07098 (JPO)

**DEFENDANT'S COUNTER-STATEMENT IN RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND STATEMENT OF ADDITIONAL FACTS**

Pursuant to Local Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, defendant Scholastic Inc. ("Scholastic"), by undersigned counsel, submits the following counter-statement in response to Plaintiffs Joseph Sohm and Visions of America, LLC's (together, "Plaintiffs") Statement of Undisputed Material Facts.

### Plaintiffs' Proposed Findings of Undisputed Facts

**A. Sohm owns valid copyrights in the Photographs at issue.**

    1.     Joseph Sohm ("Sohm") is a professional photographer who has been creating and licensing photographs for over thirty years. Declaration of Joseph Sohm ("Sohm Decl.") ¶ 1.

**Scholastic Counter-Statement:  Not disputed but not material.**

2.      Sohm is the sole owner and president of Visions of America LLC ("VOA"), a stock photography business that licenses Sohm's photographs. Sohm Decl. ¶ 2.

Scholastic Counter-Statement:

**Scholastic Counter-Statement:  Not disputed but not material.**

3.      Sohm is the author and copyright owner of the photographs identified in Exhibit 1 to the Declaration of Alex Kerr ("Claims Summary"), submitted in connection with this motion ("Photographs"). Sohm Decl. ¶ 3.

**Scholastic Counter-Statement:  Disputed.  The copyright registrations Plaintiffs allege cover the Photographs contain various errors that render them invalid.  Registrations VA 1-132-628, VA 863-783 and VA 863-785 are registered in the name of Plaintiffs' agent, Corbis Corporation ("Corbis"), and do not name Plaintiffs as authors.  Courts in this District have held that these type of registrations – including both VA 863-783 and VA 863-785 specifically – are invalid as to the individual photographers.  *See Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 712 F. Supp. 2d 84, 95 (S.D.N.Y. 2010), *on reconsid. in part*, No. 09 Civ. 2669, 2010 WL 3958841 (S.D.N.Y. Sept. 27, 2010) ("*Muench I*") (granting summary judgment on the basis of invalid Corbis group registrations "because the Copyright Act is clear on its face, i.e., a copyright registration must contain certain pieces of information including the author's name, the registrations at issue here cover only the database as a whole (the compilation) but do not cover Plaintiff's individual contributions."); *Muench Photography, Inc. v. John Wiley & Sons, Inc.*, No. 12 Civ. 7502, 2013 WL 4010273, at \*3 (S.D.N.Y. Aug. 6, 2013) ("*Muench II*") (quoting *Houghton Mifflin* and invalidating Corbis group registrations including VA 863-783 and VA 863-785 – also at issue here –**

2

as to the plaintiff photographer). Sohm Decl., Ex. 1. Registrations VAu 684-449 and VAu 390-162 purport to be "unpublished" registrations, but contain a number of Photographs which were published at the time of registration (*See* Defendant's Statement of Additional Facts, *infra* ("Resp. to SUMF") ¶¶ 16-29), rendering them invalid. *See Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 231 (S.D.N.Y. 2012) (previously published design not validly registered by unpublished copyright). Finally, registration VA 1-074-964 contains factually erroneous information that makes plan that it could not have registered the Photographs Plaintiffs assert it covers. Resp. to SUMF ¶¶ 30-41.

4.     Alternatively, if deemed to be works for hire, VOA owns copyrights in the Photographs. Sohm Decl. ¶ 4.

**Scholastic Counter-Statement:** Disputed. See response to ¶ 3.

5.     Each of the Photographs is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. Sohm Decl. In 5-20 and Exhibits 1-3 thereto.

**Scholastic Counter-Statement:** Disputed. See response to ¶ 3.

6.     Sohm did not create the Photographs at Scholastic's request; he created them of his own volition, having no notion at the time of creation that they would eventually end up in Scholastic's textbooks. Sohm Decl. ¶ 21.

**Scholastic Counter-Statement:** Not disputed but not material.

   **B. Sohm authorized the licensors to issue limited licenses to third parties for use of his photographs.**

7.     Sohm acted through two entities he created and solely owned to represent his photographs, Chromosohm Media, Inc. ("Chromosohm") and later VOA ("VOA"). Sohm Decl. 2, 23.

**Scholastic Counter-Statement:  Not disputed but not material.**

8.     Acting through Chromosohm, in or around 1986, Sohm entered into an agreement with The Image Works, Inc. ("TIW") authorizing TIW to issue limited licenses to third parties for use of submitted photographs in exchange for a percentage of the license fee charged. That agreement remains in effect today. Sohm Decl. ¶ 23.

**Scholastic Counter-Statement:  Not disputed.**

9.     Acting through Chromosohm, on or around April 19, 1994, Sohm entered into an agreement with Continuum Productions Corporation, a predecessor in interest of Corbis Corporation ("Corbis"). The representation agreement, which was renewed in 2001, 2006 and 2011, authorized Corbis to issue limited licenses to third parties for the use of Sohm's photographs in exchange for a percentage of the license fee charged. Sohm Decl. ¶¶ 24-26 and Exhibits 4-5 thereto.

**Scholastic Counter-Statement:  Not disputed.**

10.    Acting through Chromosohm, on or around March 15, 1994, Sohm entered into an agreement with Photo Researchers, Inc. ("Photo Researchers"). The representation agreement, which remains in effect today, authorized Photo Researchers to issue limited licenses to third parties for the use of Sohm's photographs in exchange for a percentage of the license fee charged. Sohm Decl. ¶ 27 and Exhibit 6 thereto.

**Scholastic Counter-Statement:  Not disputed.**

11.    TIW, Corbis, and Photo Researchers ("Licensors") issued limited licenses Scholastic for use of Sohm's photographs.

**Scholastic Counter-Statement:  Not disputed.**

   **C. Scholastic's ability to use Sohm's Photographs was limited in scope by the express terms of Corbis', TIW's, or Photo Researchers' Licenses.**

4

12. Between 2006 and 2009, Corbis sold Scholastic limited licenses to use copies of Sohm's photographs in numerous educational publications ("Corbis Licenses"). The Corbis Licenses are identified by the following numbers: 6023186, 7063891, 7063915, 8078698, and 1000029727. Declaration of Alex Kerr ("Kerr Decl.") ¶¶ 18-19 and Exhibit 13 thereto.

**Scholastic Counter-Statement:** Not disputed.

13. In 2002, Photo Researchers, Inc. sold Scholastic limited licenses to use copies of Sohm's photographs in educational publications ("Photo Researcher license"). The Photo Researcher License is identified by number 00101255. Kerr Decl. In 20-21 and Exhibit 14 thereto.

**Scholastic Counter-Statement:** Not disputed.

14. Between 1999 and 2007, TIW sold Scholastic limited licenses to use copies of Sohm's photographs in numerous educational publications ("TIW Licenses"). TIW licenses are identified by the following numbers: 990032, 2021145, 2022072, 2022115, and 105194. Kerr Decl. 22-23 and Exhibit 15 thereto.

**Scholastic Counter-Statement:** Not disputed.

15. The Corbis Licenses, Photo Researcher License and TIW licenses granted to Scholastic contained express limitations as to number of copies to be made of Sohm's photographs subject to this motion. Kerr Decl. ¶ 24 and Exhibits 13-15 thereto.

**Scholastic Counter-Statement: Disputed. While the invoices at issue contained certain terms, including a print run, because licensing occurs early in the process, these numbers are sometimes estimates. Resp. to SUMF ¶ 28. Neither side treated these estimates as a condition to the contractual arrangement (Resp. to SUMF ¶¶ 30-31), and**

5

**the Preferred Vendor Agreements between the parties (the "PVAs") provided a built in contractual solution to the issue. Resp. to SUMF ¶ 30. Where the estimated terms in the license were not sufficient to meet the publication, the parties would look to the PVA and pay the appropriate increased fee.** *Id.*

16. On or around October 1, 2004, Corbis and Scholastic entered into a Preferred Pricing Agreement ("2004 Agreement"). Kerr Decl. 1125 and <u>Exhibit 16</u> thereto.

<u>Scholastic Counter-Statement:</u> **Not disputed.**

17. On or around September 24, 2008, Corbis and Scholastic entered into another Preferred Pricing Agreement ("2008 Agreement"). Kerr Decl. 1126 and Exhibit 17 thereto.

<u>Scholastic Counter-Statement:</u> **Not disputed.**

18. Neither Sohm nor the licensors authorized Scholastic to use Sohm's Photographs beyond the explicit limits granted in each invoice. Sohm Decl. ¶ 28; Kerr Decl. ¶¶ 27-30.

<u>Scholastic Counter-Statement:</u> **Disputed. See response to ¶ 15.**

19. There is no evidence that Scholastic ever told the Licensors that it believed that Scholastic was authorized to use images without first requesting permission and paying for the uses. Kerr Decl. ¶¶ 27-30.

<u>Scholastic Counter-Statement:</u> **Disputed. See response to ¶ 15.**

20. Scholastic has not, to this day, paid Sohm or the Licensors for the unauthorized use of the Photographs described in the Claims Summary. Sohm Decl. ¶ 31.

<u>Scholastic Counter-Statement:</u> **Disputed. Plaintiff cites no admissible evidence to support this statement, in violation of Local Civil Rule 56.1(d) and Fed. R. Civ. P.**

6

**56(c). Paragraph 31 of Sohm's Declaration does not speak to the experience of the Licensors.**

21.     Scholastic knew that the licenses it entered into for uses of content owned by third parties were limited, and that if Scholastic wanted to make additional uses beyond the scope of any license, Scholastic needed to obtain permission and pay for such uses before it made them. *See* Kerr Decl. ¶¶ 31-32 and Exhibits 18-19 thereto (excerpts of relevant deposition testimony provided by Jessica Moon, Scholastic's Director of Visual Content Strategy and Compliance, on behalf of Scholastic, Inc. pursuant to Fed. R. Civ. Pro. 30(b)(6) in this case (Exhibit 18, "May Moon Dep.") and in a parallel case *Keller v. Scholastic, Inc.,* No. 16-cv-01829-WB (E.D. Pa.) (Exhibit 19, "April Moon Dep.")).

**Scholastic Counter-Statement:  Disputed.  See response to ¶ 15.**

22.     Scholastic employee Jessica Moon (testifying on behalf of Scholastic pursuant to Rule 30(b)(6) in a parallel litigation) stated,

> A.     Scholastic believes strongly in intellectual property and respecting the rights of others. We have an intellectual property compliance policy, and that — I might summarize to say it's in our daily application to license every image, license every font, license every video clip So that's sort of the guiding principle. Our team, we're responsible, as a partner with the team creating the books and magazines, to make sure that everything does get licensed.
>
> Q.     And get licensed before uses are made?
>
> A.     Yes.

  Kerr Decl. ¶ 32 and Exhibit 19 thereto.

**Scholastic Counter-Statement:  Not disputed.**

23.     Scholastic's written Code of Ethics states: "Intellectual property rights are among Scholastic's most valuable assets. Scholastic also believes in respecting the intellectual property rights of others." Kerr ¶ 33 and Exhibit 20 thereto.

7

**Scholastic Counter-Statement:** Not disputed. Scholastic refers to its Code of Ethics for a true and complete recitation of its contents.

  **D. Scholastic used the Photographs beyond the terms of the limited licenses.**

24. The publications at issue contain the Photographs as identified in the Claims Summary. Kerr Decl. ¶¶ 6-16 and Exhibits 1-12 thereto.

**Scholastic Counter-Statement:** Not disputed.

25. Scholastic printed the publications at issue containing the Photographs in quantities that are reflected in red type on the Claims Summary. Kerr Decl. In 2-5 and Exhibit 1 thereto.

**Scholastic Counter-Statement:** Not disputed.

26. Scholastic printed the Photographs in quantities that exceed the print run limits in the Licenses. Kerr Decl. ¶¶ 2-5 and Exhibit 1 thereto.

**Scholastic Counter-Statement:** Disputed. Scholastic does not dispute that it printed the Photographs in the quantities indicated in Exhibits 2-5 of the Kerr Declaration. Scholastic disputes that the print runs on the invoices were "limits". See response to ¶ 15.**

27. Scholastic has been sued for copyright infringement arising out of similar facts in at least 11 separate cases. Kerr Decl. ¶ 17.

**Scholastic Counter-Statement:** Not disputed but not relevant and not material. Scholastic refers the Court to the proceedings in the cases cited by Plaintiffs in Paragraph 27 for the true and complete recitation of the contents thereof.

**Defendant's Statement of Additional Facts**

**Plaintiffs' File This Action without Information of Infringement**

1. Plaintiffs allege that Scholastic exploited their copyrighted photographs in various publications by exceeding licenses granted to Scholastic. First Amended Complaint and Demand for Jury Trial, dated October 24, 2016, Dkt No. 41 ("FAC") ¶ 12.

2. Exhibits 1 through 5 to the FAC identify photographs (the "Photographs") that Scholastic allegedly infringed. *Id.* Exs. 1-5.

3. Collectively, the Exhibits contain 117 line entries (the "Uses at Issue"). *Id.*

4. Collectively, the Exhibits contain 89 different photographs the ("Photographs"). *Id.*

5. These invoices date back to 1995, with many issued more than ten years ago. *Id.*

6. The invoices at issue in Plaintiffs' motion are dated from 1999 to 2009. Declaration of Alex Kerr, dated June 30, 2017, Dkt No. 69 (the "Kerr Decl."), Exs. 13-15.

7. Plaintiffs' only cause of action was for copyright infringement. FAC ¶¶ 17-19.

8. At his deposition, Sohm admitted that he filed this lawsuit despite "lacking information to substantiate these [copyright infringement] claims." Declaration of Edward H. Rosenthal, dated July 28, 2017 (the "Rosenthal Decl.") ¶ 3, Ex. B (Sohm Dep. 71:18-72:16).

9. Sohm further testified that he was not aware of any specific infringement of his Photographs. Rosenthal Decl. ¶ 3, Ex. B (Sohm Dep. 73:3-74:2).

10. Accordingly, upon filing the FAC, Plaintiffs did not allege in the Complaint or FAC with any specificity how or when his Photographs were infringed, but provided lists of images licensed to Scholastic by Plaintiffs' Agents and made a blanket allegation that "Scholastic exceeded the licenses and infringed Plaintiff's copyrights in various ways," providing a laundry list of the ways in which these images might have been infringed.  FAC ¶ 12; Exs. 1-5.

11. Plaintiffs further alleged that Scholastic used these Photographs in "additional publications that have not yet been identified."  FAC ¶ 13.

12. Sohm included the same list he included in the two other actions he filed. Rosenthal Decl. ¶¶ 15, 59, Exs. N, EEE (*Sohm v. Pearson Educ., Inc.,* 2:16 Civ. 02546 (C.D. Cal.), dated April 14, 2016, Dkt No. 2 (the "*Pearson* Complaint") ¶ 12; *Sohm v. McGraw-Hill Global Educ. Holdings, LLC,* 1:16 Civ. 04255 (S.D.N.Y.), dated February 25, 2016, Dkt No. 1 (the "*McGraw-Hill* Complaint") ¶ 10).

*13.* Plaintiffs' attorneys have also filed many of the cases listed in Paragraph 17 to the Kerr Decl.  *Id.*

14. None of these actions has resulted in a judgment against Scholastic. Rosenthal Decl. ¶ 16.

**Plaintiffs' Relationship with their Agents**

15. At Sohm's deposition, he admitted that he had been aware that Scholastic was licensing his Photographs since the late 1980's or early 1990's. Rosenthal Decl. ¶ 3, Ex. B (Sohm Dep. 90:12-22).

16. He also admitted that he had the right to audit his Agents' licensing of all Uses in Issue.  Rosenthal Decl. ¶ 3, Ex. B, (Sohm Dep. 64:20-22).

17. Sohm never invoked this audit right. *Id.*

18. Sohm never contacted his agents to inquire about a single payment. Rosenthal Decl. ¶ 3, Ex. B (Sohm Dep. 64:9-19).

19. He further testified that he never imposed any restrictions on how Corbis licensed his photographs. Rosenthal Decl. ¶ 3, Ex. B (Sohm Dep. 171:4-8).

20. He also testified that Corbis could have licensed his Photographs for any geographic distribution, language, price and print run at its discretion. Rosenthal Decl. ¶ 3, Ex. B (Sohm Dep. 175:3-25).

21. Pursuant to Sohm's agreement with Corbis, that agency was authorized to determine at its "sole discretion the terms and conditions of any license or distribution of [Sohm's] accepted images subject to the rights granted and restrictions imposed by [Sohm] and the limitations contained in this agreement." Rosenthal Decl. ¶¶ 3, 4, Exs. B, C (Sohm Dep. 170:19-171:3; Sohm/VOA v. Scholastic 000499-508).

22. Scholastic also operated under a series of preferred vendor agreements ("PVAs"), which govern Scholastic's licensing of photographs from those agencies. Declaration of Steve N. Spelman, dated July 28, 2017 ("Spelman Decl.") ¶¶ 4-5; Rosenthal Decl. ¶ 7, Ex. F (Transcript of the Deposition of Jessica Moon, dated May 18, 2017 ("Moon Dep.") at 32:11-33:8; 55:15-19).

23. Scholastic's PVAs with Corbis established a series of so-called "buckets", by which Scholastic would pay a set amount for a print run of up to 25,000, slightly more for a print run from 25,001-50,000, and increasing in similar intervals, all the way to a set print for print runs of one million copies. Rosenthal Decl. ¶¶ 8-9, Exs. G, H (SCHOL-JS 19-27; 28-39).

24. Scholastic's PVAs with the other Agents were similar. Rosenthal Decl. ¶¶ 10, 7, Exs. I, F (SCHOL-JS 000729-30; Moon Dep. at 63:5-19).

25. Scholastic and Corbis licensed in this way because Scholastic licensed thousands of photographs per year from Corbis. Spelman Decl. ¶ 4.

26. Scholastic had a partnership with Corbis and other Agents. Rosenthal Decl. ¶ 7, Ex. F (Moon Dep. at 14:16-15:17).

27. Corbis did not treat an ongoing, high-volume customer's use of a licensed photo that happened to be in excess of or beyond the print run estimate on the face of the invoice in question to be an instance of copyright infringement, but viewed it as a contractual matter to be resolved as part of the ongoing, mutually beneficial relationship between the publisher and Corbis. Spelman Decl. ¶ 13.

28. Because licensing is done early in the lifecycle of a book, print run numbers may be estimates. Rosenthal Decl. ¶ 7, Ex. F (Moon Dep. at 7:16-9:3; 14:16-15:17).

29. Where the estimated terms in the license were not sufficient to meet the publication, the practice was to go back and get a license. Rosenthal Decl. ¶ 7, Ex. F (Moon Dep. at 7:6-15).

30. In instances where use exceeded the licensed "bucket" the appropriate result would be to pay the increased fee as dictated by the PVA. Spelman Decl. ¶ 9.

31. Scholastic also felt that exceeding the print run in a license simply meant that it should go back and secure a license. Rosenthal Decl. ¶ 7, Ex. F (Moon Dep. at 15:18-16:11; 36:13-37:12).

32. That license would be calculated in accordance with the relevant PVA. Rosenthal Decl. ¶ 7, Ex. F (Moon Dep. at 61:22-62:4).

**Plaintiffs' Copyright Registrations**

1. Corbis registered these a number of photographs pursuant to a copyright registration program to which Sohm was a member. Rosenthal Decl. ¶ 5, Ex. D (Sohm/VOA v. Scholastic 000537-546).

1. Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-113-639 as a published group registration in its name, dated March 19, 2001, with a creation date of 2000 and a publication date of September 30, 2000. Rosenthal Decl. ¶ 141, Ex. QQ (Sohm/VOA v. Scholastic 000426-27).

2. Registration No. VA 1-113-639 does not include Sohm and/or VOA as author. Rosenthal Decl. ¶ 141, 3, Exs. QQ, B (Sohm/VOA v. Scholastic 000426-27; Sohm/VOA v. Scholastic 124:20-125:2).

3. Corbis' Registration No. VA 1-113-639 includes information in Box 6, indicating that it is a compilation. Rosenthal Decl. ¶ 141, Ex. QQ (Sohm/VOA v. Scholastic 000426-27).

4. Corbis' Copyright Registration No. VA 1-113-639 covers Photograph "U.S. Capitol/JS1000437," Image ID JS1000437, which appears in Exhibit 1, Row 27. FAC Ex. 1.

5. Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-132-628 as a published group registration in its name, dated January 18, 2002, with a creation date of 2001, publication date October 1, 2001. Rosenthal Decl. ¶ 46, Ex. RR (Sohm/VOA v. Scholastic 000428-29).

6. Registration No. VA 1-132-628 does not include Sohm and/or VOA as author. Rosenthal Decl. ¶ 46, Ex. RR (Sohm/VOA v. Scholastic 000428-29).

7. Corbis' Copyright Registration No. VA 1-132-628 covers Photograph "Statue of Liberty and American Flag," Image ID JS1262564, which appears in Exhibit 1, Row 15. FAC Ex. 1

8. Plaintiffs' agent Corbis registered Copyright Registration No. VA 863-783 as a published group registration in its name, dated November 6, 1997, with creation date 1997, publication date March 17, 1997.  Rosenthal Decl. ¶ 52, Ex. XX (Sohm/VOA v. Scholastic 000444-45)

9. Registration No. VA 863-783 does not include Sohm and/or VOA as author. Rosenthal Decl. ¶ 52, Ex. XX (Sohm/VOA v. Scholastic 000444-45)

10. Corbis' Registration No. VA 863-783 includes information in Box 6, indicating that it is a compilation.  Rosenthal Decl. ¶ 52, Ex. XX (Sohm/VOA v. Scholastic 000444-45).

11. Registration No. VA 863-783 covers Photographs "In Memory of Vietnam," Image ID JS005320, appearing in Exhibit 1, Row 14 and "Shanghai Stock Exchange Trading Board," Image ID JS005158, appearing in Exhibit 1, Row 50.  FAC Ex. 1.

12. Plaintiffs' agent Corbis registered Copyright Registration No. VA 863-785 as a published group registration in its name, dated November 6, 1997, creation date 1997, publication date June 30, 1997. Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v. Scholastic 000446-47).

13. Registration No. VA 863-785 does not include Sohm and/or VOA as author. Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v. Scholastic 000446-47).

14. Corbis' Registration No. VA 863-785 includes information in Box 6, indicating that it is a compilation. Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v. Scholastic 000446-47).

15. Registration No. VA 863-785 contains Photograph "A Sign for the Cadillac Ranch," Image ID JS006304, which appears in Exhibit 1, Row 53. FAC, Ex. 1.

16. Plaintiffs registered Copyright Registration No. VAu 684-449 as an unpublished group registration, dated October 31, 2005, creation date 2005. Rosenthal Decl. ¶ 61, Ex. GGG (Sohm/VOA v. Scholastic 000460-61).

17. Plaintiffs indicated that Registration No. VAu 684-449 covered "photographs". Rosenthal Decl. ¶ 61, Ex. GGG (Sohm/VOA v. Scholastic 000460-61).

18. Plaintiffs did not fill out box 6 in Registration No. VAu 684-449 to indicate that the registration was for a compilation. Rosenthal Decl. ¶ 61, Ex. GGG (Sohm/VOA v. Scholastic 000460-61).

19. Registration No. VAu 684-449 covers Photographs "Train (steam engine)", Image ID CSOH1586, appearing in Exhibit 5, Row 4; "Colorado and US flag," Image ID CSOH2430, appearing in Exhibit 5, Row 10; and "Bicycle traffic, China," Image ID CSOH6446, appearing in Exhibit 5, Row 15. FAC, Ex. 5.

20. Plaintiffs plead that Scholastic licensed Image ID CSOH1586 on January 20, 1999 (Invoice No. 990032), preceding the registration. FAC, Ex. 5.

21. Plaintiffs plead that Scholastic licensed Image ID CSOH2430 on May 1, 2003 (Invoice No. 2021126), preceding the registration. FAC, Ex. 5.

22. Plaintiffs plead that Scholastic licensed Image ID CSOH6446 on September 22, 2003 (Invoice No. 2022072), preceding the registration. FAC, Ex. 5.

23. Plaintiffs registered Copyright Registration No. VAu 390-162 as an unpublished group registration, dated January 6, 1997, creation date 1995. Rosenthal Decl. ¶ 58, Ex. DDD (Sohm/VOA v. Scholastic 000454-55).

24. VAu 390-162 does not indicate on the face of the registration that it was meant to cover a compilation. Rosenthal Decl. ¶ 58, Ex. DDD (Sohm/VOA v. Scholastic 000454-55).

25. Registration No. VAu 390-162 covers Photograph "Veteran's Day," Image ID 2H3556, which appears in Exhibit 3, Rows 10-11. FAC, Ex. 3.

26. Plaintiffs allege that Registration No. VAu 390-162 also covers Photographs "Harbor of Annapolis-MD State House," Image ID 2Q2070, appearing in Exhibit 3, Row 1, "Amtrak Conductor," 2L2539, appearing in Exhibit 3, Row 2, "Harbor of Annapolis-MD State House," Image ID 2Q2037, appearing in Exhibit 3, Row 4, "Electric solar car," Image ID 2M3255, appearing in Exhibit 3, Rows 7-8, "Veteran's Day," Image ID 2H3556, appearing in Exhibit 3, Rows 10-11, "Farmer using computer," Image ID JYS0194R, appearing in Exhibit 4, Row 2 and "truck transport," Image ID CSOH5701, appearing in Exhibit 5, Rows 1-2. Rosenthal Decl. ¶ 60, Ex. F (Plaintiffs' First Supplemental Initial Rule 26(a) Disclosures, dated February 7, 2017 (the "SID") at 1-3, 7 and 29).

27. Plaintiffs allege that Scholastic licensed Image ID 2Q2070 on December 20, 1995 (Invoice No. 0071633), preceding the registration date. FAC, Ex. 3.

28. Plaintiffs allege that Scholastic licensed Image ID CSOH5701 on August 12, 1996 (Invoice No. 960624), preceding the registration date. FAC, Ex. 5.

29. In a case against another publisher, titled *Sohm v. McGraw-Hill Global Educ. Holdings, LLC,* 1:16-cv-4255 (S.D.N.Y.), Sohm alleges that McGraw-Hill licensed Image

ID JYS0194R on May 25, 1995 (Invoice Nos. 17722, 17723, 17724 and 17725), preceding the registration date. Rosenthal Decl. ¶ 59, Ex. EEE (*Sohm v. McGraw-Hill Global Educ. Holdings, LLC,* 1:16 Civ. 04255 (S.D.N.Y.), dated February 25, 2016, Dkt No. 1 (the "*McGraw-Hill* Complaint"), Ex. 6).

30. Plaintiffs registered Copyright Registration No. VA 1-074-964 as a published group registration, dated September 11, 2000, creation date 2000, publication date March 1, 2000. Rosenthal Decl. ¶ 65, Ex. KKK (Sohm/VOA v. Scholastic 000425-25).

31. The Registration indicates that the complete copyright application was received by the Copyright Office on April 2, 2001. Rosenthal Decl. ¶ 65, Ex. KKK (Sohm/VOA v. Scholastic 000425-25).

32. Plaintiffs allege that Registration No. VA 1-074-964 covers Photographs "13-Star American Flag/JS1000403," Image ID JS1000403, appearing in Exhibit 1, Row 26, "Presidential Seal of the United States/JS1000460," Image ID JS1000460, appearing in Exhibit 1, Row 29 and 55, "Victorian-Style Homes Overlooking the Beach/JS1000548," Image ID JS1000548, appearing in Exhibit 1, Row 35, "Original United States Constitution," Image ID JS1000417, appearing in Exhibit 1, Row 49, "This is the Golden Gate Bridge with Marin," Image ID VOA2-095_PA, appearing in Exhibit 2, Row 3, "Red barn in autumn, VT," Image ID 2L0464, appearing in Exhibit 3, Row 6, "Crown Point", Image ID BA0403, appearing in Exhibit 3, Row 16, "Front of a one dollar bill showing the portrait of George Washington in the center," Image ID ESOH46499, appearing in Exhibit 5, Row 17, "the golden scales of justice," Image ID ESOH46493, appearing in Exhibit 5, Rows 18-19 and "Preamble to the U.S. Constitution," Image ID ESOH046518, appearing in Exhibit 5, Rows 27-28. FAC, Exs. 1, 3-5.

33. Image ID JS1000403 has a creation date of August 28, 2000, after the publication date of the Registration. Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000328).

34. Image ID JS1000460 has a creation date of August 28, 2000, after the publication date of the Registration. Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000334).

35. Image ID JS1000548 has a creation date of August 28, 2000, after the publication date of the Registration. Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000336).

36. Image ID JS1000417 has a creation date of August 28, 2000, after the publication date of the Registration. Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000329).

37. Plaintiffs allege that Registration No. VA 1-074-964 also covers Photographs "Texas State Flag/JS007332," Image ID JS007332, appearing in Exhibit 1, Row 36, "St. Louis Skyline," Image ID JS1000001, appearing in Exhibit 1, Row 2, "U.S. Capital," Image ID JS1000439, appearing in Exhibit 1, Row 3, "U.S. Capitol/JS1000437," Image ID JS1000439, appearing in Exhibit 1, Row 27, "State Capitol Building in Carson City," Image ID JS1000483, appearing in Exhibit 1, Row 41, "Shea Stadium," Image ID JYS2370C, appearing in Exhibit 4, Row 4 and "Niagara Falls, New York: Aerial view of the Horseshoe Falls," Image ID ESOH0466200, appearing in Exhibit 5, Row 31. Rosenthal Decl. ¶ 60, Ex. FFF (SID at 21, 23-25, 30).

38. Image ID JS1000001 has a creation date of August 17, 2000, after the publication date of the Registration. Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000315).

39. Image ID JS1000001 has a creation date of August 17, 2000, after the publication date of the Registration. Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000315).

40. Image ID JS1000439 has a creation date of August 28, 2000, after the publication date of the Registration. Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000334).

41. Image ID JS1000483 has a creation date of August 28, 2000, after the publication date of the Registration. Rosenthal Decl. ¶ 7, Ex. E (Sohm/VOA v. Scholastic 000335).

Dated: New York, New York
       July 28, 2017

                                FRANKFURT KURNIT KLEIN & SELZ, P.C.

                                By: /s/ Edward H. Rosenthal
                                    Edward H. Rosenthal
                                    Nicole Bergstrom
                              488 Madison Avenue
                              New York, New York 10022
                              Phone: (212) 980-0120

                              *Attorneys for Defendant Scholastic Inc.*