**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

JOSEPH SOHM and VISIONS OF AMERICA, LLC,     :

                                             :     Case No. 1:16-cv-7098 (JPO)

                    Plaintiffs,              :

                                             :     ECF Case

             -against-                       :

                                             :

SCHOLASTIC, INC.,                            :

                                             :

                    Defendant.               :

                                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

---

**PLAINTIFFS' COUNTER-STATEMENT IN RESPONSE TO DEFENDANT'S**
**STATEMENT OF UNDISPUTED MATERIAL FACTS (Doc. 78)**

---

Christopher Seidman (SBN 98884)
Harmon Seidman Bruss & Kerr, LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
(970) 245-9075
chris@harmonseidman.com

Maurice Harmon (admitted *pro hac vice*)
Harmon Seidman Bruss & Kerr, LLC
11 Chestnut Street
New Hope, Pennsylvania 18938
(215) 693-1953
maurice@harmonseidman.com

*Attorneys for Plaintiffs Joseph Sohm and Visions of*
*America, LLC*

Pursuant to Local Rule 56.1, Plaintiffs Joseph Sohm and Visions of America, LLC ("Sohm") submit the following counter-statement in response to Defendant's Statement of Undisputed Material Facts (Doc. 78).

1.      Plaintiff Joseph Sohm ("Sohm") is a professional photographer residing in California. First Amended Complaint and Demand for Jury Trial, dated October 24, 2016, Dkt No. 41 ("FAC") ¶ 2.

**Sohm's Counter-Statement: Not disputed.**

2.      Plaintiff Visions of America, LLC ("VOA" and, with Sohm, "Plaintiffs") is a California limited liability company, solely owned by Sohm.  FAC ¶ 3.

**Sohm's Counter-Statement: Not disputed.**

3.      Defendant Scholastic is a New York publisher and distributer of children's books, with its principal place of business at 557 Broadway, New York, New York 10012.  FAC ¶ 4; Defendant's Answer to Plaintiffs' First Amended Complaint, dated October 25, 2016, Dkt No. 40 ("Answer") ¶ 4.

**Sohm's Counter-Statement: Not disputed.**

4.      Plaintiffs allege that Scholastic exploited their copyrighted photographs in various publications by exceeding licenses granted to Scholastic.  FAC ¶ 12.

**Sohm's Counter-Statement: Not disputed.**

5.      Exhibits 1 through 5 to the FAC identify photographs (the "Photographs") that Scholastic allegedly infringed.  FAC Exs. 1-5.

**Sohm's Counter-Statement: Not disputed.**

6.      Collectively, the Exhibits contain 117 line entries (the "Uses at Issue").  FAC Exs. 1-5.

**Sohm's Counter-Statement: Not disputed.**

7.      Collectively, the Exhibits contain 89 different photographs the ("Photographs").

1

FAC Exs. 1-5.

**Sohm's Counter-Statement: Not disputed.**

8.      Plaintiffs affirmatively plead that each of the Uses at Issue was licensed by Scholastic, and provide an invoice number and date in their FAC.  FAC, Exs. 1-5.

**Sohm's Counter-Statement: Not disputed.**  Sohm objects to paragraph 8 to the extent it characterizes the FAC as relating only licensed uses of Sohm's Photographs.  Sohm also plead "after obtaining access to the Photographs, Scholastic also used them without any license or permission in additional publications that have not yet been identified. Because Scholastic alone knows of these wholly unauthorized uses, Plaintiffs cannot further identify them without discovery."  FAC ¶ 13.

9.      These invoices date back to 1995, with many issued more than ten years ago.  FAC, Exs. 1-5.

**Sohm's Counter-Statement: Not disputed.**

10.     Plaintiffs' only cause of action is for copyright infringement.  FAC ¶¶ 17-19.

**Sohm's Counter-Statement: Not disputed.**

**PLAINTIFFS' RELATIONSHIP WITH PHOTO AGENCIES**

11.     Plaintiffs are represented by photo agencies including Corbis Corporation ("Corbis"), Jupiter Images Corporation ("Jupiter"), Photo Researchers, Inc. ("Photo Researchers"), Stock Boston ("Stock Boston") and The Image Works ("TIW" and, collectively, the "Agents").  FAC ¶ 10.

**Sohm's Counter-Statement: Not disputed.**  Sohm objects to Scholastic's term "Agent" to the extent it implies Sohm entered a principal / agent relationship with Corbis, Jupiter, Photo Researchers, Stock Boston, and TIW (collectively referred to as "Licensors" by Sohm) or acted through any "agent" in the traditional legal understanding of the term.  Sohm incorporates this objection to all Scholastic's references to "Agent," "Agencies" or "agent."

12.     Plaintiffs have been represented by one or more of these agencies since 1995.  FAC ¶ 11.

**Sohm's Counter-Statement: Not disputed.**

13.    Plaintiffs have a written agreement with Corbis and other agents.  Declaration of Edward H. Rosenthal, dated July 28, 2017 ("Rosenthal Decl.") ¶ 3, Ex. B.

**Sohm's Counter-Statement: Not disputed.**

14.    Pursuant to the agreement between Sohm and Corbis, Corbis was authorized to determine at its "sole discretion the terms and conditions of any license or distribution of [Sohm's] accepted images subject to the rights granted and restrictions imposed by [Sohm] and the limitations contained in this agreement."  Rosenthal Decl. ¶¶ 3, 4, Exs. B, C.  (Sohm Dep. 170:19-171:3; Sohm/VOA v. Scholastic 000499-508).

**Sohm's Counter-Statement: Not disputed.**

15.    Sohm testified that he never imposed any restrictions on how Corbis licensed his photographs.  Rosenthal Decl. ¶ 3, Ex. B.  (Sohm Dep. 171:4-8).

**Sohm's Counter-Statement: Not disputed.**

16.    Corbis could have licensed Sohm's Photographs for any geographic distribution, language, price and print run at their discretion.  Rosenthal Decl. ¶ 3, Ex. B.  (Sohm Dep. 175:3-25).

**Sohm's Counter-Statement: Not disputed.**

17.    Plaintiffs received monthly royalty statements from their Agents along with payment by check sent by U.S. mail.  Rosenthal Decl. ¶ 3, Ex. B.  (Sohm Dep. 89:14-25).

**Sohm's Counter-Statement: Not disputed.**

18.    Plaintiffs have been aware that Scholastic was licensing their Photographs since the late 1980's or early 1990's.  Rosenthal Decl. ¶ 3, Ex. B.  (Sohm Dep. 90:12-22).

**Sohm's Counter-Statement: Not disputed.**

19.    Over the course of their career in licensing photography, prior to engaging counsel, Plaintiffs never contacted their Agents to inquire about payments.  Rosenthal Decl. ¶ 3, Ex. B. (Sohm Dep. 64:9-19).

**Sohm's Counter-Statement: Not disputed.**

20.    Over the course of their career in licensing photography, Plaintiffs never exercised their audit right with any of their Agents.  Rosenthal Decl. ¶ 3, Ex. B.  (Sohm Dep. 64:20-22).

**Sohm's Counter-Statement: Not disputed.**  Sohm objects to paragraph 20 to the extent it implies that Sohm had an audit right with all of the Licensors.  Sohm is not aware of an audit right with respect to his representation agreement with TIW.

21.    In or about 2007, Plaintiffs experienced a decline in their revenue from licensing photography.  Rosenthal Decl. ¶ 3, Ex. B.  (Sohm Dep. 66:2-5).

**Sohm's Counter-Statement: Not disputed.**

22.    At his deposition, Sohm admitted that he filed this lawsuit despite "lacking information to substantiate these [copyright infringement] claims."  Rosenthal Decl. ¶ 3, Ex. B. (Sohm Dep. 71:18-72:16).

**Sohm's Counter-Statement: Disputed in part.**  Sohm does **not dispute** he provided testimony that he lacked information regarding specific instances of Scholastic's infringements.  Sohm **disputes** paragraph 22 to the extent it implies that Sohm lacked information and belief to support his copyright claims "based upon the pattern of infringement" in the publishing industry.  Rosenthal Decl. ¶ 3, Ex. B (Sohm Dep. 73:8-17).

23.    Sohm testified that he was not aware of any specific infringement of his Photographs. Rosenthal Decl. ¶ 3, Ex. B.  (Sohm Dep. 73:3-74:2).

**Sohm's Counter-Statement: Not disputed.**  Sohm refers to his response to paragraph 22.

24.    Accordingly, upon filing the FAC, Plaintiffs did not allege in the Complaint or FAC with any specificity how or when his Photographs were infringed, but provided lists of images licensed to Scholastic by Plaintiffs' Agents and made a blanket allegation that "Scholastic exceeded the licenses and infringed Plaintiff's copyrights in various ways," providing a laundry list of the ways in which these images might have been infringed.  FAC ¶ 12; Exs. 1-5.

**Sohm's Counter-Statement: Disputed in part.** Sohm alleged "Scholastic exceeded the licenses and infringed Plaintiff's copyrights in various ways" and alleged five ways in which Scholastic exceeded the licenses:

      a.      printing more copies of the Photographs than authorized;

      b.      distributing publications containing the Photographs outside the authorized distribution area;

      c.      publishing the Photographs in electronic, ancillary, or derivative publications without permission;

      d.      publishing the Photographs in international editions and foreign publications without permission; and/or

      e.      publishing the Photographs beyond the specified time limits.  FAC ¶ 13.

Sohm further alleged that Scholastic used these Photographs in "additional publications that have not yet been identified." FAC ¶ 13.

25.      Sohm included this same list in the Complaints he filed against Pearson Education, Inc. and McGraw-Hill Global Education Holdings, LLC  Rosenthal Decl. ¶¶ 15, 59, Exs. N, EEE (Sohm v. Pearson Educ., Inc., 2:16 Civ. 02546 (C.D. Cal.), dated April 14, 2016, Dkt No. 2 (the "Pearson Complaint") ¶ 12; Sohm v. McGraw-Hill Global Educ. Holdings, LLC, 1:16 Civ. 04255 (S.D.N.Y.), dated February 25, 2016, Dkt No. 1 (the "McGraw-Hill Complaint") ¶ 10).

**Sohm's Counter-Statement: Not disputed.**

26.      Both of these actions were filed by Plaintiffs' current attorneys.  Rosenthal Decl. ¶¶ 59, 15, Exs. EEE, N (McGraw-Hill Complaint; Pearson Complaint).

**Sohm's Counter-Statement: Not disputed.**

27.      Plaintiffs' attorneys have also filed many of the cases listed in Paragraph 17 of the Declaration of Alex Kerr, dated June 30, 2017, Dkt No. 69 (the "MSJ Kerr Decl.").  Rosenthal Decl. ¶ 16.

**Sohm's Counter-Statement: Not disputed.**

28.    None of the actions listed in Paragraph 17 of the MSJ Kerr Decl. has resulted in a judgment against Scholastic.  Rosenthal Decl. ¶ 16.

**Sohm's Counter-Statement: Not disputed.**

29.    In each of these cases, Plaintiffs' FAC includes an invoice number, indicating that the relevant Photograph was licensed.  FAC, Exs. 1-5.

**Sohm's Counter-Statement: Not disputed.**  Sohm objects to paragraph 29 to the extent it characterizes the Sohm's Pearson Complaint and McGraw-Hill Complaint as relating only licensed uses of Sohm's Photographs.  In those complaints Sohm made a similar allegation to the one made in this case that "after obtaining access to the Photographs, [Pearson and McGraw-Hill] also used them without any license or permission in additional publications that have not yet been identified. Because [Pearson and McGraw-Hill] alone know[ ] of these wholly unauthorized uses, Plaintiffs cannot further identify them without discovery."  FAC ¶ 13.

30.    Plaintiffs further alleged that Scholastic has used these Photographs in "additional publications that have not yet been identified."  FAC ¶ 13.

**Sohm's Counter-Statement: Not disputed.**

31.    Plaintiffs claimed to do so "Scholastic alone knows the full extent to which it has infringed [Plaintiff]'s copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with [Plaintiff]."  FAC ¶ 14.  (Sohm Dep. 91:2-14).

**Sohm's Counter-Statement: Not disputed.**

32.    Sohm has registered copyrights with the Copyright Office since the 2000's.  Rosenthal Decl. ¶ 3, Ex. B.

**Sohm's Counter-Statement: Not disputed.**

33.    In the 1990's, Corbis registered a number of his Photographs with the Copyright Office.  Rosenthal Decl. ¶ 3, Ex. B.  (Sohm Dep. 91:15-20).

**Sohm's Counter-Statement: Not disputed.**

34. Corbis' registrations were done pursuant to a copyright registration program to which Sohm was a member. Rosenthal Decl. ¶ 5, Ex. D. (Sohm/VOA v. Scholastic 000537-546).

**Sohm's Counter-Statement: Not disputed.**

35. Pursuant to this program, Corbis was meant to re-assign the copyrights to Sohm, but the paperwork does not indicate which photographs or copyrights, if any, were reassigned. Rosenthal Decl. ¶ 5, Ex. D. (Sohm/VOA v. Scholastic 000537-546).

**Sohm's Counter-Statement: Disputed in part.** Sohm does **not dispute** that Corbis was meant to re-assign copyrights to Sohm after Corbis completed copyright registrations on Sohm's behalf. Declaration of Joseph Sohm submitted in connection with Sohm's motion for partial summary judgment ("MSJ Sohm Decl."), Doc. 68-0, ¶ 6, and Exhibits 2 and 3 thereto (Docs. 68-3 and 68-4). Sohm participated in the Corbis Copyright Registration Program. *Id.* Sohm submitted documents reflecting Sohm's agreement with Corbis authorizing it to register Sohm's photographs, and correspondence showing that Corbis assigned copyright ownership back to Sohm after Corbis completed its registrations. *Id.* Corbis assigned back complete copyright ownership of all Sohm's photographs it registered. *Id.* And Sohm submitted a spreadsheet report identifying the registration information for which Corbis completed on Sohm's behalf. *Id.* Sohm **disputes** that the evidence submitted is insufficient to establish that Corbis reassigned copyrights to Sohm after Corbis completed the registration process. *See id.*

36. At his deposition, Sohm indicated that there were supporting documents that would clarify which Photographs were re-assigned in each reassignment, but that he had not produced that information. Rosenthal Decl. ¶ 3, Ex. B. (Sohm Dep. 116:16-117:8).

**Sohm's Counter-Statement: Disputed in part.** Sohm **disputes** that the evidence submitted is insufficient to establish that Corbis reassigned copyrights to Sohm after Corbis completed the registration process. *See id.*

**Evidence objection:** Rosenthal Decl. ¶ 3, Ex. B does not contain the portion of Sohm's testimony at 116:16-117:8.

37.    As a part of the above process, Corbis gave Sohm a printout showing information on the Photographs Corbis registered with the Copyright Office.  Rosenthal Decl. ¶¶ 3, [6, Exs. B, E. (Sohm Dep. 92:4-25; Sohm/VOA v. Scholastic 00060-415).

**Sohm's Counter-Statement: Not disputed.**

38.    Sohm testified that there is no way for a member of the public to look at these Corbis registrations and determine that he is the author.  Rosenthal Decl. ¶ 3, Ex. B.  (Sohm Dep. 111:8-112:5).

**Sohm's Counter-Statement: Not disputed and immaterial.**  Sohm's opinion about the efficacy of the United States Copyright Registation system is irrelevant.

**Evidence Objection:** Rosenthal Decl. ¶ 3, Ex. B does not contain the portion of Sohm's testimony at 111:8-112:5.

39.    Sohm testified that he understood that when he provided a Photograph to Corbis, he was offering it to be licensed out to the world.  Rosenthal Decl. ¶ 3, Ex. B.  (Sohm Dep. 98:6-19).

**Sohm's Counter-Statement: Not disputed and immaterial.**

**Evidence Objection:** Rosenthal Decl. ¶ 3, Ex. B does not contain the portion of Sohm's testimony at 98:6-19.

40.    Sohm testified that Corbis, and not he, would be in a better position to determine when a particular Photograph had been published.  Rosenthal Decl. ¶ 3, Ex. B.  (Sohm Dep. 109:22-25).

**Sohm's Counter-Statement: Not disputed as to Corbis-represented photographs and immaterial.**

**Evidence Objection:** Rosenthal Decl. ¶ 3, Ex. B does not contain the portion of Sohm's testimony at 109:22-25.

**SCHOLASTIC'S RELATIONSHIP WITH PHOTO AGENCIES**

41.     Scholastic also operated under a series of preferred vendor agreements ("PVAs"), which govern Scholastic's licensing of photographs from those agencies.  Declaration of Steve N. Spelman, dated July 28, 2017 ("Spelman Decl.") ¶¶ 4-5; Rosenthal Decl. ¶ 7, Ex. F.  (Transcript of the Deposition of Jessica Moon, dated May 18, 2017 ("Moon Dep.") at 32:11-33:8; 55:15-19).

**Sohm's Counter-Statement: Not disputed.**

42.     Scholastic's PVAs with Corbis established a series of so-called "buckets", by which Scholastic would pay a set amount for a print run of up to 25,000, slightly more for a print run from 25,001-50,000, and increasing in similar intervals, all the way to a set print for print runs of one million copies.  Rosenthal Decl. ¶¶ 8-9, Exs. G, H.  (SCHOL-JS 00019-27; 00028-39).

**Sohm's Counter-Statement: Not disputed.**

43.     Scholastic's PVAs with the other Agents were similar.  Rosenthal Decl. ¶¶ 10, 7, Exs. I, F (SCHOL-JS 000729-30; Moon Dep. at 63:5-19).

**Sohm's Counter-Statement: Disputed.**  Scholastic submitted evidence of one other preferred vendor agreement, which is dissimilar from the PVAs Scholastic entered into with Corbis. Rosenthal Decl. ¶ 10, Ex. I.  Exhibit I is an agreement with TIW which was not in effect at the time any of the licenses at issue were granted.  The agreement with TIW is materially different from the agreements with Corbis in that it did not contain numerous material terms, such as an audit right, a volume commitment, or terms and conditions which among other things define unauthorized use. Sohm also disputes the characterization of Ms. Moon's testimony as describing the agreements with Corbis and TIW as similar.  Rosenthal Decl. ¶ 7, Ex. F (Moon Dep. at 63:5-19).  Ms. Moon stated she did not know what the terms of the agreement were.  *Id.*

44.     Scholastic and Corbis licensed in this way because the parties did significant business and Scholastic licensed thousands of photographs per year from Corbis.  Spelman Decl. ¶ 4.

**Sohm's Counter-Statement: Not disputed.**

45.     Scholastic had a partnership with Corbis and other Agents.  Rosenthal Decl. ¶ 7, Ex. F.    (Moon Dep. at 14:16-15:17).

**Sohm's Counter-Statement: Not disputed.**  But Sohm **objects** to the use of the term "partnership" to the extent it implies any legal significance.

46.     Corbis did not treat an ongoing, high-volume customer's use of a licensed photo that happened to be in excess of or beyond the print run estimate on the face of the invoice in question to be an instance of copyright infringement, but viewed it as a contractual matter to be resolved as part of the ongoing, mutually beneficial relationship between the publisher and Corbis.  Spelman Decl. ¶ 13.

**Sohm's Counter-Statement: Disputed.**  The purported "view" that use of photographs in excess of stated print run limits is contradicted by the integrated written agreements between Scholastic and Corbis.  The 2004 Corbis PVA expressly incorporates terms and conditions that recognize written restrictions: "your reproduction of Images is limited to...the specific use described in your invoice, which together with these terms shall constitute the full license granted."  Rosenthal Decl. ¶ 8, Ex. G.  The 2008 Corbis PVA also expressly incorporates terms and conditions that grant Scholastic "a limited, non-exclusive right to use the Rights Managed Content licensed hereunder to create and exploit the End Use solely as specified in the Invoice."  Rosenthal Decl. ¶ 9, Ex. H.

**Evidence Objection:**

The cited declaration is irrelevant and inadmissible to the extent the witness' professed "view" is contradicted by the integrated written agreements between Scholastic and Corbis.[1]

The cited declaration is inadmissible to the extent it constitutes legal opinion about interpretation and legal effect of agreements between Corbis and Scholastic.[2]

---

[1] *See Desarrolladora Farallon S. de R.L. de C.V. v. Cargill Fin. Servs. Int'l, Inc.*, 666 F. Appx. 17, 22 (2d Cir. 2016) (summary order).

[2] Fed. R. Evid. 701, 702; *Abaxis, Inc. v. Cepheid*, 2012 WL 2979019 *3 (N.D. Cal. 2012) (excluding "opinion on

Sohm objects to the Declaration of Steve Spelman on the additional ground that he is a former Corbis employee who has never been designated by Corbis to speak on its behalf, and his opinions have been rejected as insufficient to create genuine issues of material fact.[3]

47.    Because licensing is done early in the lifecycle of a book, print run numbers may be estimates.  Rosenthal Decl. ¶ 7, Ex. F.  (Moon Dep. at 7:16-9:3; 14:16-15:17).

**Sohm's Counter-Statement: Disputed and immaterial.**  Scholastic does not identify what "print run numbers" it is referring to which "may be estimates."  The print run quantities subject to Sohm's motion for summary judgment are license restrictions.  Sohm incorporates the response to paragraph 46.

48.    Where the estimated terms in the license were not sufficient to meet the publication, the practice was to go back and get a license.  Rosenthal Decl. ¶ 7, Ex. F.  (Moon Dep. at 7:6-15).

**Sohm's Counter-Statement: Disputed.**  Sohm disputes Scholastic's suggestion that Mr. Moon's opinions about general practices show the existence of any genuine issue of material fact.  The PPAs and invoices are controlling by their terms.  Sohm incorporates the response to paragraph 46.

    **Evidence Objections:**

Sohm objects to the testimony of Ms. Moon on the ground that she is offering a general, unsupported statement about the licensing industry.

The proffered opinion is irrelevant, as there is no evidence that Scholastic ever paid any additional fee for exceeding license limits.

---

legal conclusions, such as the legal rights of obligations of various parties or the legal effects of particular agreements"); *National Jockey Club v. Ganassi*, 2009 WL 2177217 *9 (N.D. Ill. 2009) ("opinions about the interpretation of the contract and whether it was breached" were "classic legal opinions" and inadmissible).
[3] *See Palmer/Kane LLC v. Rosen Book Works, LLC*, 204 F.Supp.3d 565, 575-76 and n. 15 (S.D.N.Y. 2016) (Rakoff, J.) ("evidence of custom and course of dealing cannot displace rights conferred by the copyright laws"; "that Corbis may have chosen not to view defendant's pre-license use as 'infringing' is neither here nor there.  Infringement is infringement, regardless of what Corbis and Rosen may have chosen to call it.")

49.    In instances where use exceeded the licensed "bucket" the appropriate result would be to pay the increased fee as dictated by the PVA.  Spelman Decl. ¶ 9.

**Sohm's Counter-Statement: Disputed.**  The PPAs and invoices are controlling by their terms.  *See* response to paragraph 46 above.

**Evidence Objection:**

The cited declaration is irrelevant and inadmissible to the extent the witness' professed opinion of the "appropriate result" is contradicted by the integrated written agreements between Scholastic and Corbis.[4]

The cited declaration is inadmissible to the extent it constitutes legal opinion about interpretation and legal effect of agreements between Corbis and Scholastic.[5]

The proffered opinion is irrelevant, as there is no evidence that Scholastic ever paid any additional fee for exceeding license limits.

Sohm objects to the Declaration of Steve Spelman on the additional ground that he is a former Corbis employee who has never been designated by Corbis to speak on its behalf, and his opinions have been rejected as insufficient to create genuine issues of material fact.[6]

50.    Scholastic also felt that exceeding the print run in a license simply meant that it should go back and secure a license.  Rosenthal Decl. ¶ 7, Ex. F.  (Moon Dep. at 15:18-16:11; 36:13-37:12).

**Sohm's Counter-Statement: Disputed.**  Sohm disputes Scholastic's suggestion that Mr. Moon's or Scholastic's "feelings" show the existence of any genuine issue of material fact.  The PPAs and

---

[4] *See Desarrolladora Farallon S. de R.L. de C.V. v. Cargill Fin. Servs. Int'l, Inc.*, 666 F. Appx. 17, 22 (2d Cir. 2016) (summary order).
[5] Fed. R. Evid. 701, 702; *Abaxis, Inc. v. Cepheid*, 2012 WL 2979019 *3 (N.D. Cal. 2012) (excluding "opinion on legal conclusions, such as the legal rights of obligations of various parties or the legal effects of particular agreements"); *National Jockey Club v. Ganassi*, 2009 WL 2177217 *9 (N.D. Ill. 2009) ("opinions about the interpretation of the contract and whether it was breached" were "classic legal opinions" and inadmissible).
[6] *See Palmer/Kane LLC v. Rosen Book Works, LLC*, 204 F.Supp.3d 565, 575-76 and n. 15 (S.D.N.Y. 2016) (Rakoff, J.) ("evidence of custom and course of dealing cannot displace rights conferred by the copyright laws"; "that Corbis may have chosen not to view defendant's pre-license use as 'infringing' is neither here nor there.  Infringement is infringement, regardless of what Corbis and Rosen may have chosen to call it.")

invoices are controlling by their terms.  *See* response to paragraph 46 above.

**Evidence Objections:**

Sohm objects to the testimony of Ms. Moon on the ground that she is offering a general, unsupported statement about the licensing industry.

51.    That license would be calculated in accordance with the relevant PVA.  Rosenthal Decl. ¶ 7, Ex. F.   (Moon Dep. at 61:22-62:4).

**Sohm's Counter-Statement: Disputed.**  Sohm disputes Scholastic's suggestion that a hypothetical license calculation shows the existence of any genuine issue of material fact.  The PPAs and invoices are controlling by their terms.  *See* response to paragraph 46 above.

**Evidence Objections:**

The proffered opinion is irrelevant, as Scholastic has not put forward evidence of calculating fees for overrunning licenses based on PVAs.

**PLAINTIFFS' PHOTOGRAPHS**

*Photograph Identified as "<Mayflower II> Replica at Sunset/"*

52.    Plaintiffs allege, in Exhibit 1, Row 10, infringement of the Photograph "<Mayflower II> Replica at Sunset/", Image ID JS004075 on account of its purported use through Invoice No. 825265, dated November 30, 2005.  FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

53.    Scholastic paid Corbis, as agent for Plaintiffs, for a license to reproduce and distribute the Photograph "<Mayflower II> Replica at Sunset/" and bearing Image ID JS004075 in the publication The Wampanoag (WL) for a print run of 25,000, North American English.  (Invoice No. 825265).  Rosenthal Decl. ¶ 11, Ex. J.  (SCHOL-JS 000126-27).

**Sohm's Counter-Statement: Not disputed.**

54.    Plaintiffs received and accepted a royalty payment for Invoice No. 825265 for Scholastic's use of the Photograph "<Mayflower II> Replica at Sunset/" in the publication The

Wampanoag (WL).  Rosenthal Decl. ¶ 12, Ex. K.  (Sohm/VOA v. Scholastic 000594).

**Sohm's Counter-Statement: Not disputed.**

55.    Scholastic has printed fewer than 25,000 copies of The Wampanoag (WL).  Rosenthal Decl. ¶ 13, Ex. L (SCHOL-JS 000072).

**Sohm's Counter-Statement: Not disputed.**

56.    Scholastic has only distributed The Wampanoag (WL) in the United States.  Rosenthal Decl. ¶ 14, Ex. M (SCHOL-JS 0000192).

**Sohm's Counter-Statement: Disputed.**  Scholastic has not cited evidence to support this statement.  Scholastic printed copies of The Wampanoag (WL) in the thousands and first printed the publication in 2004.  Rosenthal Decl. ¶ 13, Ex. L (SCHOL-JS 000072).  To support its assertion that Scholastic only distributed The Wampanoag (WL) in the United States only, Scholastic cites to a sales report containing only a portion of sales beginning in 2012.  Rosenthal Decl. ¶ 14, Ex. M (SCHOL-JS 0000192).  Scholastic has not submitted a report showing all sales and distributions of The Wampanoag (WL), including sales from 2004 through 2011.

57.    Scholastic has not licensed any translations of The Wampanoag (WL).  Declaration of Jennifer Powell, dated July 27, 2017 ("Powell Decl.") ¶ 3.

**Sohm's Counter-Statement: Not disputed.**

58.    Scholastic has only printed The Wampanoag (WL) as a hardcover book.  Rosenthal Decl. ¶ 65, Ex. LLL (SCHOL-JS 000082).

**Sohm's Counter-Statement: Not disputed.**

59.    All of Scholastic's uses of the Photograph "<Mayflower II> Replica at Sunset/" in the publication The Wampanoag (WL) are authorized.  *Id.* (evidence from above paragraphs).

**Sohm's Counter-Statement: Disputed.**  *See* response to paragraph 56.

*Photograph Identified as "Tahquamenon Falls in Autumn/JS1262793"*

60.    Plaintiffs allege, in Exhibit 1, Row 38, infringement of the Photograph "Tahquamenon

Falls in Autumn/JS1262793", Image ID JS1262793 on account of its purported use through Invoice No. 7101749, dated December 26, 2007.  FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

61.    Scholastic paid Corbis, as agent for Plaintiffs, for a license to reproduce and distribute the Photograph "Tahquamenon Falls in Autumn/JS1262793" and bearing Image ID JS1262793 in the publication Michigan (ATB3) for a print run of 25,000, North American English.  (Invoice No. 7101749).  Rosenthal Decl. ¶ 17, Ex. O (SCHOL-JS 000139-46).

**Sohm's Counter-Statement: Not disputed.**

62.    Scholastic has printed fewer than 25,000 copies of Michigan (ATB3).  Rosenthal Decl. ¶ 13, Ex. L (SCHOL-JS 000072).

**Sohm's Counter-Statement: Not disputed.**

63.    Scholastic has only distributed Michigan (ATB3) in the United States and its territories.  Rosenthal Decl. ¶ 18, Ex. P (SCHOL-JS 000073).

**Sohm's Counter-Statement: Disputed.**  Scholastic has not cited evidence to support this statement.  Scholastic printed copies of Michigan (ATB3) in the tens of thousands and first printed the publication in 2007.  Rosenthal Decl. ¶ 13, Ex. L (SCHOL-JS 000072).  To support its assertion that Scholastic only distributed Michigan (ATB3) in the United States only, Scholastic cites to a sales report containing only a portion of sales beginning in 2012.  Rosenthal Decl. ¶ 18, Ex. P (SCHOL-JS 000073).  Scholastic has not submitted a report showing all sales and distributions of Michigan (ATB3), including sales from 2007 through 2011.

64.    Scholastic has not licensed any translations of Michigan (ATB3).  Powell Decl. ¶ 4.

**Sohm's Counter-Statement: Not disputed.**

65.    Scholastic has only printed Michigan (ATB3) as a hardcover book.  Rosenthal Decl. ¶ 19, Ex. Q (SCHOL-JS 000090).

**Sohm's Counter-Statement: Not disputed.**

66.    All of Scholastic's uses of the Photograph "Tahquamenon Falls in Autumn/JS1262793" in the publication Michigan (ATB3) are authorized. *Id.* (evidence from above paragraphs).

**Sohm's Counter-Statement: Disputed.** *See* response to paragraph 63.

*Photograph Identified as "Kids at Puerto Rican Festival in Delaware"*

67.    Plaintiffs allege, in Exhibit 1, Row 48, infringement of the Photograph "Kids at Puerto Rican Festival in Delaware", Image ID JS002547 on account of its purported use through Invoice No. 8067549, dated October 29, 2008.  FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

68.    Scholastic paid Corbis, as agent for Plaintiffs, for a license to reproduce and distribute the Photograph "Kids at Puerto Rican Festival in Delaware" and bearing Image ID JS002547 in the publication Delaware (ATB3) for a print run of 25,000, North American English.  (Invoice No. 8067549).  Rosenthal Decl. ¶ 20, Ex. R (SCHOL-JS 0000160-162).

**Sohm's Counter-Statement: Not disputed.**

69.    Plaintiffs received and accepted a royalty payment for Invoice No. 8067549 for Scholastic's use of the Photograph "Kids at Puerto Rican Festival in Delaware" in the publication Delaware (ATB3).  Rosenthal Decl. ¶ 21, Ex. S. (Sohm/VOA v. Scholastic 000726-866).

**Sohm's Counter-Statement: Not disputed.**

70.    Scholastic has printed fewer than 25,000 copies of Delaware (ATB3).  Rosenthal Decl. ¶ 22, Ex. T (SCHOL-JS 0000190).

**Sohm's Counter-Statement: Not disputed.**

71.    Scholastic has only distributed Delaware (ATB3) in the United States and its territories.  Rosenthal Decl. ¶ 18, Ex. P (SCHOL-JS 000073).

**Sohm's Counter-Statement: Disputed.**  Scholastic has not cited evidence to support this statement.  Scholastic printed over ten thousand copies of Delaware (ATB3) and first printed the publication in 2008.  Scholastic created two versions of Delaware (ATB3) – one with a copyright

16

date of 2009 (ISBN: 0531185974) and a revised edition with a copyright date of 2015 (0531282775).
To support its assertion that Scholastic only distributed Delaware (ATB3) in the United States only,
Scholastic cites to a sales report containing only sales of the later revised edition.  Rosenthal Decl. ¶
18, Ex. P (SCHOL-JS 000073).  Scholastic has not submitted a report showing all sales and
distributions of Delaware (ATB3), including sales from 2008 through 2011.

72.    Scholastic has not licensed any translations of Delaware (ATB3).  Powell Decl. ¶ 5.

**Sohm's Counter-Statement: Not disputed.**

73.    Scholastic has only printed Delaware (ATB3) as a hardcover book.  Rosenthal Decl. ¶
23, Ex. U (SCHOL-JS 0000105).

**Sohm's Counter-Statement: Not disputed.**

74.    All of Scholastic's uses of the Photograph "Kids at Puerto Rican Festival in Delaware"
in the publication Delaware (ATB3) are authorized.  Id. (evidence from above paragraphs).

**Sohm's Counter-Statement: Disputed.**  *See* response to paragraph 71.

*Photograph Identified as "Original United States Constitution"*

75.    Plaintiffs allege, in Exhibit 1, Row 49, infringement of the Photograph "Original
United States Constitution", Image ID JS1000417 on account of its purported use through Invoice
No. 8067549, dated October 29, 2008.  FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

76.    Scholastic paid Corbis, as agent for Plaintiffs, for a license to reproduce and distribute
the Photograph "Original United States Constitution" and bearing Image ID JS1000417 in the
publication Delaware (ATB3) for a print run of 25,000, North American English.  (Invoice No.
8067549).  Rosenthal Decl. ¶ 20, Ex. R (SCHOL-JS 0000160-162).

**Sohm's Counter-Statement: Not disputed.**

77.    Plaintiffs received and accepted a royalty payment for Invoice No. 8067549 for
Scholastic's use of the Photograph "Original United States Constitution" in the publication

17

Delaware (ATB3).  Rosenthal Decl. ¶ 21, Ex. S.  (Sohm/VOA v. Scholastic 000726-866).

**Sohm's Counter-Statement: Not disputed.**

78.    Scholastic has printed fewer than 25,000 copies of Delaware (ATB3).  Rosenthal Decl. ¶ 22, Ex. T (SCHOL-JS 0000190).

**Sohm's Counter-Statement: Not disputed.**

79.    Scholastic has only distributed Delaware (ATB3) in the United States and its territories.  Rosenthal Decl. ¶ 18, Ex. P (SCHOL-JS 000073).

**Sohm's Counter-Statement: Disputed.**  *See* response to paragraph 71.

80.    Scholastic has not licensed any translations of Delaware (ATB3).  Powell Decl. ¶ 5.

**Sohm's Counter-Statement: Not disputed.**

81.    Scholastic has only printed Delaware (ATB3) as a hardcover book.  Rosenthal Decl. ¶ 23, Ex. U (SCHOL-JS 0000105).

**Sohm's Counter-Statement: Not disputed.**

82.    All of Scholastic's uses of the Photograph "Original United States Constitution" in the publication Delaware (ATB3) are authorized.  Id. (evidence from above paragraphs).

**Sohm's Counter-Statement: Disputed.**  *See* response to paragraph 71.

*Photograph Identified as "Vietnam Vets Remember on Veterans Day/JS003709"*

83.    Plaintiffs allege, in Exhibit 1, Row 56, infringement of the Photograph "Vietnam Vets Remember on Veterans Day/JS003709", Image ID JS003709 on account of its purported use through Invoice No. 1000627268, dated May 24, 2011.  FAC Ex. 1.

**Sohm's Counter-Statement: No longer material.**  Sohm withdraws allegations with respect to Image ID JS003709, referenced in row FAC Ex. 1 row 56, from this action.

84.    Scholastic paid Corbis, as agent for Plaintiffs, for a license to reproduce and distribute the Photograph "Vietnam Vets Remember on Veterans Day/JS003709" and bearing Image ID JS0003709 in the publication Three Days in Vietnam for a print run of 40,000, worldwide English.

(Invoice No. 1000627268).  Rosenthal Decl. ¶ 24, Ex. V (SCHOL-JS 0000123-125).

**Sohm's Counter-Statement: No longer material.**

85.    Plaintiffs received and accepted a royalty payment for Invoice No. 1000627268 for Scholastic's use of the Photograph "Vietnam Vets Remember on Veterans Day/JS003709" in the publication Three Days in Vietnam.  Rosenthal Decl. ¶ 25, Ex. W.  (Sohm/VOA v. Scholastic 000603-609).

**Sohm's Counter-Statement: No longer material.**

86.    Scholastic has printed fewer than 40,000 copies of Three Days in Vietnam.  Rosenthal Decl. ¶ 13, Ex. L (SCHOL-JS 000072).

**Sohm's Counter-Statement: No longer material.**

87.    Scholastic has not licensed any translations of Three Days in Vietnam.  Powell Decl. ¶ 6.

**Sohm's Counter-Statement: No longer material.**

88.    All of Scholastic's uses of the Photograph "Vietnam Vets Remember on Veterans Day/JS003709" in the publication Three Days in Vietnam are authorized.  Id. (evidence from above paragraphs).

**Sohm's Counter-Statement: No longer material.**

*Photograph Identified as "Front of a one dollar bill showing the portrait of George Washington in the center"*

89.    Plaintiffs allege, in Exhibit 5, Row 17, infringement of the Photograph "Front of a one dollar bill showing the portrait of George Washington in the center", Image ID ESOH46499 on account of its purported use through Invoice No. 202214, dated September 22, 2003.  FAC Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

90.    Scholastic paid TIW, as agent for Plaintiffs, for a license to reproduce and distribute the Photograph "Front of a one dollar bill showing the portrait of George Washington in the center" identified as Image ID ESOH46499 in the publication President's Day (TB) for a print run

of 20,000, North American English.  (Invoice No. 202214).  Rosenthal Decl. ¶ 26, Ex. X

(Sohm/VOA v. Scholastic 00045).

**Sohm's Counter-Statement: Not disputed.**

91.    Scholastic has printed fewer than 20,000 copies of President's Day (TB).  Rosenthal

Decl. ¶ 40, Ex. LL (SCHOL-JS 0000189).

**Sohm's Counter-Statement: Not disputed.**

92.    Scholastic has only distributed President's Day (TB) in the United States.  Rosenthal

Decl. ¶ 27, Ex. Y (SCHOL-JS 0000224).

**Sohm's Counter-Statement: Disputed.**  Scholastic has not cited evidence to support this

statement.  Scholastic printed copies of President's Day (TB) in the thousands and first printed the

publication in 2003.  Rosenthal Decl. ¶ 40, Ex. LL (SCHOL-JS 0000189).  To support its assertion

that Scholastic only distributed President's Day (TB) in the United States only, Scholastic cites to a

sales report containing only a portion of sales beginning in 2012.  Rosenthal Decl. ¶ 27, Ex. Y

(SCHOL-JS 0000224).  Scholastic has not submitted a report showing all sales and distributions of

President's Day (TB), including sales from 2003 through 2011.

93.    Scholastic has not licensed any translations of President's Day (TB).  Powell Decl. ¶ 7.

**Sohm's Counter-Statement: Not disputed.**

94.    Scholastic has only printed President's Day (TB) as a hardcover and paperback book.

Rosenthal Decl. ¶ 28, Ex. Z (SCHOL-JS 0000117).

**Sohm's Counter-Statement: Not disputed.**

95.    All of Scholastic's uses of the Photograph "Front of a one dollar bill showing the

portrait of George Washington in the center" in the publication President's Day (TB) are authorized.

Id. (evidence from above paragraphs).

**Sohm's Counter-Statement: Disputed.**  *See* response to paragraph 92.

*Photograph Identified as "Illinois: Thatched hut, Indian Cahokia"*

96.     Plaintiffs allege, in Exhibit 5, Rows 29 and 30, infringement of the Photograph "Illinois: Thatched hut, Indian Cahokia" Image ID ESOH0118870 on account of two purported uses through Invoice No. 105198, dated December 14, 2007.  FAC Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

97.     Scholastic paid TIW, as agent for Plaintiffs, for a license to reproduce and distribute the Photograph "Illinois: Thatched hut, Indian Cahokia" bearing Image ID ESOH0118870 twice in the publication Illinois (ATB3) for a print run of 20,000, North American English.  (Invoice No. 105198).  Rosenthal Decl. ¶ 29, Ex. AA (SCHOL-JS 0000178-180).

**Sohm's Counter-Statement: Not disputed.**

98.     Plaintiffs received and accepted a royalty payment for Invoice No. 105198 for Scholastic's two uses of the Photograph "Illinois: Thatched hut, Indian Cahokia" in the publication Illinois (ATB3).  Rosenthal Decl. ¶ 30, Ex. BB. (Sohm/VOA v. Scholastic 000869).

**Sohm's Counter-Statement: Not disputed.**

99.     Scholastic has printed fewer than 20,000 copies of Illinois (ATB3).  Rosenthal Decl. ¶ 31, Ex. CC (SCHOL-JS 000071).

**Sohm's Counter-Statement: Not disputed.**

100.     Scholastic has only distributed Illinois (ATB3) in the United States and its territories. Rosenthal Decl. ¶ 14, Ex. M (SCHOL-JS 0000192).

**Sohm's Counter-Statement: Disputed.**  Scholastic has not cited evidence to support this statement.  Scholastic printed over 10,000 copies of Illinois (ATB3) and first printed the publication in 2007.  Rosenthal Decl. ¶ 31, Ex. CC (SCHOL-JS 000071).  To support its assertion that Scholastic only distributed Illinois (ATB3) in the United States only, Scholastic cites to a sales report containing only a portion of sales beginning in 2012.  Rosenthal Decl. ¶ 14, Ex. M (SCHOL-JS 0000192). Scholastic has not submitted a report showing all sales and distributions of Illinois (ATB3), including sales from 2007 through 2011.

101.    Scholastic has not licensed any translations of Illinois (ATB3).  Powell Decl. ¶ 8.

**Sohm's Counter-Statement: Not disputed.**

102.    Scholastic has only printed Illinois (ATB3) as a hardcover and paperback book.

Rosenthal Decl. ¶ 67, Ex. MMM (SCHOL-JS 000053).

**Sohm's Counter-Statement: Not disputed.**

103.    All of Scholastic's uses of the Photograph "Illinois: Thatched hut, Indian Cahokia"

in the publication Illinois (ATB3) are authorized.  Id. (evidence from above paragraphs).

**Sohm's Counter-Statement: Disputed.**  *See* response to paragraph 100.

*Photograph Identified as "Niagara Falls, New York: Aerial view of the Horseshoe Falls"*

104.    Plaintiffs allege, in Exhibit 5, Row 31, infringement of the Photograph "Niagara

Falls, New York: Aerial view of the Horseshoe Falls" Image ID ESOH0466200 on account of the

purported use through Invoice No. 105347, dated January 16, 2008.  FAC Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

105.    Scholastic paid TIW, as agent for Plaintiffs, for a license to reproduce and distribute

the Photograph "Niagara Falls, New York: Aerial view of the Horseshoe Falls" bearing Image ID

ESOH0466200 in the publication New York (ATB3) for a print run of 20,000, North American

English.  (Invoice No. 105347).  Rosenthal Decl. ¶ 32, Ex. DD (SCHOL-JS 0000181-183).

**Sohm's Counter-Statement: Not disputed.**

106.    Plaintiffs received and accepted a royalty payment for Invoice No. 105198 for

Scholastic's use of the Photograph "Niagara Falls, New York: Aerial view of the Horseshoe Falls" in

the publication New York (ATB3).  Rosenthal Decl. ¶ 33, Ex. EE.  (Sohm/VOA v. Scholastic

000870).

107.    Scholastic has printed fewer than 20,000 copies of New York (ATB3).  Rosenthal

Decl. ¶ 40, Ex. LL (SCHOL-JS 000189).

**Sohm's Counter-Statement: Not disputed.**

108.    Scholastic has only distributed New York (ATB3) in the United States and its territories.  Rosenthal Decl. ¶ 14, Ex. M (SCHOL-JS 0000192).

**Sohm's Counter-Statement: Disputed.**  Scholastic has not cited evidence to support this statement.  Scholastic printed over 10,000 copies of New York (ATB3) and first printed the publication in 2007.  Rosenthal Decl. ¶ 40, Ex. LL (SCHOL-JS 000189).  To support its assertion that Scholastic only distributed New York (ATB3) in the United States only, Scholastic cites to a sales report containing only a portion of sales beginning in 2012.  Rosenthal Decl. ¶ 14, Ex. M (SCHOL-JS 0000192).  Scholastic has not submitted a report showing all sales and distributions of New York (ATB3), including sales from 2007 through 2011.

109.    Scholastic has not licensed any translations of New York (ATB3).  Powell Decl. ¶ 9.

**Sohm's Counter-Statement: Not disputed.**

110.    Scholastic has only printed New York (ATB3) as a hardcover and paperback book.  Rosenthal Decl. ¶ 34, Ex. FF (SCHOL-JS 0000065).

**Sohm's Counter-Statement: Not disputed.**

111.    All of Scholastic's uses of the Photograph "Niagara Falls, New York: Aerial view of the Horseshoe Falls" in the publication New York (ATB3) are authorized.  Id. (evidence from above paragraphs).

**Sohm's Counter-Statement: Disputed.**  *See* response to paragraph 108.

*Photograph Identified as "Atlanta Georgia: State Capital"*

112.    Plaintiffs allege, in Exhibit 5, Rows 32 and 33, infringement of the Photograph "Atlanta Georgia: State Capital" Image ID ESOH681400 on account of two purported uses through Invoice No. 105360, dated January 16, 2008.  FAC Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

113.    Scholastic paid TIW, as agent for Plaintiffs, for a license to reproduce and distribute the Photograph "Atlanta Georgia: State Capital" bearing Image ID ESOH0681400 twice in the

publication Georgia (ATB3) for a print run of 20,000, North American English.  (Invoice No. 105360).  Rosenthal Decl. ¶ 35, Ex. GG (SCHOL-JS 0000184-85).

**Sohm's Counter-Statement: Not disputed.**

114.    Plaintiffs received and accepted a royalty payment for Invoice No. 105198 for Scholastic's two uses of the Photograph "Atlanta Georgia: State Capital" in the publication Georgia (ATB3).  Rosenthal Decl. ¶ 33, Ex. EE.    (Sohm/VOA v. Scholastic 000870).

**Sohm's Counter-Statement: Not disputed.**

115.     Scholastic has printed fewer than 20,000 copies of Georgia (ATB3).  Rosenthal Decl. ¶ 37, Ex. II (SCHOL-JS 000057).

**Sohm's Counter-Statement: Not disputed.**

116.    Scholastic has only distributed Georgia (ATB3) in the United States.  Rosenthal Decl. ¶ 36, Ex. HH (SCHOL-JS 000056).

**Sohm's Counter-Statement: Disputed.**  Scholastic has not cited evidence to support this statement.  Scholastic printed copies of Georgia (ATB3) in the thousands and first printed the publication in 2008.  Rosenthal Decl. ¶ 37, Ex. II (SCHOL-JS 000057).  To support its assertion that Scholastic only distributed Georgia (ATB3) in the United States only, Scholastic cites to a sales report containing only a portion of sales beginning in 2012.  Rosenthal Decl. ¶ 36, Ex. HH (SCHOL-JS 000056).  Scholastic has not submitted a report showing all sales and distributions of Georgia (ATB3), including sales from 2008 through 2011.

117.    Scholastic has not licensed any translations of Georgia (ATB3).  Powell Decl. ¶ 10.

**Sohm's Counter-Statement: Not disputed.**

118.    Scholastic has only printed Georgia (ATB3) as a hardcover and paperback book. Rosenthal Decl. ¶ 38, Ex. JJ (SCHOL-JS 0000054).

**Sohm's Counter-Statement: Not disputed.**

119.    All of Scholastic's uses of the Photograph "Atlanta Georgia: State Capital" in the publication Georgia (ATB3) are authorized.  Id. (evidence from above paragraphs).

**Sohm's Counter-Statement: Disputed.**  *See* response to paragraph 116.

*Photograph Identified as "North Carolina: Brand new housing development near Charlotte"*

120.    Plaintiffs allege, in Exhibit 5, Row 34, infringement of the Photograph "North Carolina: Brand new housing development near Charlotte" Image ID ESOH09906809 on account of the purported use through Invoice No. 105998, dated May 23, 2008.  FAC Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

121.    Scholastic paid TIW, as agent for Plaintiffs, for a license to reproduce and distribute the Photograph "North Carolina: Brand new housing development near Charlotte" bearing Image ID ESOH09906809 in the publication North Carolina (ATB3) for a print run of 20,000, North American English.  (Invoice No. 105998).  Rosenthal Decl. ¶ 39, Ex. KK (SCHOL-JS 0000186-87).

**Sohm's Counter-Statement: Not disputed.**

122.    Plaintiffs received and accepted a royalty payment for Invoice No. 105998 for Scholastic's use of the Photograph "North Carolina: Brand new housing development near Charlotte" in the publication North Carolina (ATB3).  Rosenthal Decl. ¶ 33, Ex. EE. (Sohm/VOA v. Scholastic 000870).

**Sohm's Counter-Statement: Not disputed.**

123.    Scholastic has printed fewer than 20,000 copies of North Carolina (ATB3). Rosenthal Decl. ¶ 40, Ex. LL (SCHOL-JS 0000189).

**Sohm's Counter-Statement: Not disputed.**

124.    Scholastic has only distributed North Carolina (ATB3) in the United States and its territories.  Rosenthal Decl. ¶ 14, Ex. M (SCHOL-JS 0000192).

**Sohm's Counter-Statement: Disputed.**  Scholastic has not cited evidence to support this statement.  Scholastic printed copies of North Carolina (ATB3) in the thousands and first printed

the publication in 2008.  Rosenthal Decl. ¶ 40, Ex. LL (SCHOL-JS 0000189).  To support its

assertion that Scholastic only distributed North Carolina (ATB3) in the United States only,

Scholastic cites to a sales report containing only a portion of sales beginning in 2012.  Rosenthal

Decl. ¶ 14, Ex. M (SCHOL-JS 0000192).  Scholastic has not submitted a report showing all sales and

distributions of North Carolina (ATB3), including sales from 2008 through 2011.

125.     Scholastic has not licensed any translations of North Carolina (ATB3).  Powell Decl.

¶ 11.

**Sohm's Counter-Statement: Not disputed.**

126.     Scholastic has only printed North Carolina (ATB3) as a hardcover and paperback

book.  Rosenthal Decl. ¶ 41, Ex. MM (SCHOL-JS 0000064).

**Sohm's Counter-Statement: Not disputed.**

127.     All of Scholastic's uses of the Photograph "North Carolina: Brand new housing

development near Charlotte" in the publication North Carolina (ATB3) are authorized.  Id.

(evidence from above paragraphs).

**Sohm's Counter-Statement: Disputed.**  *See* response to paragraph 116.

**COPYRIGHT REGISTRATIONS**

*Copyright Registration VA 1-021-388*

128.     Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-021-388 as a

published group registration in its name, dated June 5, 2000, with a creation date of 2000 and a

publication date of June 15, 2000.  Rosenthal Decl. ¶ 42, Ex. NN (Sohm/VOA v. Scholastic

000416-18).

**Sohm's Counter-Statement: Not disputed.**

129.     Corbis' Registration No. VA 1-021-388 does not include Sohm and/or VOA as

author.  Rosenthal Decl. ¶ 42, Ex. NN (Sohm/VOA v. Scholastic 000416-18).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 1-021-

388 does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA"

do not appear on Corbis Registration No. VA 1-021-388.  But Sohm is included as an author under

Section 2b of Corbis Registration No. VA 1-021-388 by the reference to "individuals contributing

artwork or/and photos [including] Hulton Deutsch; Charles Rotkin; Jack Fields *and others*."  *See*

Rosenthal Decl. ¶ 42, Ex. NN (Sohm/VOA v. Scholastic 000416-18) (emphasis added).

     Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred

copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in

the program authorized Corbis to register Sohm's photographs on Sohm's behalf.  Declaration of

Joseph Sohm submitted in connection with Sohm's motion for summary judgment ("MSJ Sohm

Decl."), Doc. 68-0, ¶ 6, and Ex. 2 thereto.  Corbis assigned back complete copyright ownership of

Sohm's photographs it registered and provided to Sohm a spreadsheet report identifying the

registration information for each registered photograph.  *Id.*, ¶ 6, and Ex. 3 thereto.

     Corbis effected copyright registrations in accordance with procedures developed by the

Copyright Office which permit photography agencies to register catalogs as a collection or

compilation, as well as the individual photographs depicted in the catalog, in one application.

Declaration of Alex Kerr ("Opp. Kerr Decl." filed concurrently), ¶ 2, Ex. 1, thereto, December 14,

2009 Declaration of Nancy E. Wolff ("Wolff Decl."), previous counsel to Corbis and the trade

association Picture Agency Council of America, Inc. ("PACA"), filed in *Muench Photography, Inc. v.*

*Houghton Mifflin Harcourt Pub. Co.*, S.D.N.Y. Case No. 09-CV-2669 (LAP)(JCF) (Doc. 35-10), ¶ 2, 11-

12.  As part of those procedures, the Copyright Office instructed stock photography agencies –

when registering catalogs and their constituent works created by multiple authors – to list in section

2b "three individual photographers followed by the phrase and 'and x [number] others.'"  *Id.*, ¶ 7

and Ex. 2 thereto.  The Copyright Office, in accordance with the Compendium of Copyright Office

Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a

work created by a large number of authors is considered acceptable 'if it names at least three of

those authors followed by a statement such as 'and (number) others.'"  *Id.*  Corbis Registration No. VA 1-021-388 was executed in accordance with these practices and understanding.  *See* Rosenthal Decl. ¶ 42, Ex. NN (Sohm/VOA v. Scholastic 000416-18).

      130.    Corbis' Registration No. VA 1-021-388 registers the photographs therein as a work for hire.  Rosenthal Decl. ¶ 42, Ex. NN (Sohm/VOA v. Scholastic 000416-18).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 1-021-388 registers Sohm's photographs therein as works for hire.  Corbis Registration No. VA 1-021-388 registers two types of works: (1) for-hire work created and owned by Corbis regarding the arrangement of the compilation or catalog and (2) not-for-hire works co-owned by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement."  Rosenthal Decl. ¶ 42, Ex. NN (Sohm/VOA v. Scholastic 000416-18). Section 2a identifies Corbis as the author of the work for hire.  (An "X" marks the Yes Box under the registration text: "Was this contribution to the work a 'work made for hire'?")  *Id.*  Section 2b identifies additional authors who created works not made for hire.  (An "X" marks the No Box under the registration text: "Was this contribution to the work a 'work made for hire'?")  *Id.*

      Corbis, as one of the authors identified on the registration, registered certain copyrighted material, created as work for hire, and embodied in the arrangement of the collection or compilation.  *See* Rosenthal Decl. ¶ 5, Ex. D (Sohm/VOA v. Scholastic 000541), Letter dated February 28, 2004 regarding Resassignment of Legal Title: "As part of Corbis' efforts to protect against infringement, Corbis also registered copyright in certain elements of the Corbis digital file containing your image, including without limitation any materials, technology, or elements contributed or authored by Corbis and included in the digital file.  Corbis retains ownership of these elements and this letter does not transfer an of Corbis' rights in its digital file.  Corbis' copyright does not extend to any portion of your image or your copyright and does not give Corbis any rights to your image.  Corbis' rights to your images are determined solely by the terms of the Photographer

Representation Agreement between you and Corbis.").

Section 2a regarding for-hire authorship for part of the submitted copyrighted material does not apply to Sohm. Sohm was never an employee of Corbis and never prepared works for Corbis. MSJ Sohm Decl., ¶ 3 (Sohm is the "author and copyright owner of the photographs identified in Exhibit 1 to the Kerr Declaration."); *Id.*, ¶ 21 (Sohm "created all of the photographs identified in the First Amended Complaint of [Sohm's] own volition."). Scholastic does not submit, and cannot submit, any evidence showing that Sohm created works within the scope of employment with Corbis or that Corbis and Sohm agreed in writing for Sohm to specially create works for Corbis.

Section 2b regarding not for-hire works, which lists additional authors as "individuals contributing artwork and/or photos [including] Hulton Deutsch; Charles Rotkin; Jack Fields and others," applies to Sohm. These authors did not create works for hire, but transferred copyright ownership to Corbis "by agreement." Rosenthal Decl. ¶ 42, Ex. NN (Sohm/VOA v. Scholastic 000416-18).

131.    Corbis' Registration No. VA 1-021-388 includes information in Box 6, indicating that it is a compilation. Rosenthal Decl. ¶ 42, Ex. NN (Sohm/VOA v. Scholastic 000416-18).

**Sohm's Counter-Statement: Disputed in part.** Sohm does **not dispute** that Corbis Registration No. VA 1-021-388 confers registration status to the submitted material as a compilation. Sohm **disputes** paragraph 131 to the extent it implies that Corbis Registration No. VA 1-021-388 confers registration status to only the submitted compilation. Corbis Registration No. VA 1-021-388 also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation. As discussed in Sohm's response to paragraph 130, Corbis Registration No. VA 1-021-388 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement." The text entered Box references the two types of works: "all other photographs/digital images **and**

compilation and digitally enhanced images." Rosenthal Decl. ¶ 42, Ex. NN (Sohm/VOA v.

Scholastic 000416-18) (emphasis added).

132.     Corbis' Copyright Registration No. VA 1-021-388 covers Photographs "Statue of

Liberty," Image ID JS007536, which appears in Exhibit 1, Row 6 and Photograph "Statue on

Oregon State Capital Building," Image ID JS007594, which appears in Exhibit 1, Row 39.  FAC Ex.

1.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 1-021-389*

133.     Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-021-389 as a

published group registration in its name, dated June 5, 2000, with a creation date of 1999 and a

publication date of December 15, 1999.  Rosenthal Decl. ¶ 43, Ex. OO (Sohm/VOA v. Scholastic

000419-420).

**Sohm's Counter-Statement: Not disputed.**

134.     Registration No. VA 1-021-389 does not include Sohm and/or VOA as author.

Rosenthal Decl. ¶ 43, Ex. OO (Sohm/VOA v. Scholastic 000419-420).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 1-021-

389 does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA"

do not appear on Corbis Registration No. VA 1-021-389.  But Sohm is included as an author under

Section 2b of Corbis Registration No. VA 1-021-389 by the reference to "individuals contributing

artwork or/and photos [including] Alison Wright; Tony Arruza; Bob Krist ***and others***."  *See*

Rosenthal Decl. ¶ 43, Ex. OO (Sohm/VOA v. Scholastic 000419-420).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred

copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in

the program authorized Corbis to register Sohm's photographs on Sohm's behalf. MSJ Sohm Decl.,

Doc. 68-0, ¶ 6, and Ex. 2 thereto.  Corbis assigned back complete copyright ownership of Sohm's

photographs it registered and provided to Sohm a spreadsheet report identifying the registration information for each registered photograph. *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application. Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl. As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the phrase and 'and x [number] others.'" *Id.*, ¶ 7 and Ex. 2 thereto. The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a work created by a large number of authors is considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'" *Id.* Corbis Registration No. VA 1-021-389 was executed in accordance with these practices and understanding. *See* Rosenthal Decl. ¶ 43, Ex. OO (Sohm/VOA v. Scholastic 000419-420).

135.    Corbis' Registration No. VA 1-021-389 includes information in Box 6, indicating that it is a compilation. Rosenthal Decl. ¶ 43, Ex. OO (Sohm/VOA v. Scholastic 000419-420).

**Sohm's Counter-Statement: Disputed in part.** Sohm does **not dispute** that Corbis Registration No. VA 1-021-389 confers registration status to the submitted material as a compilation. Sohm **disputes** paragraph 135 to the extent it implies that Corbis Registration No. VA 1-021-389 confers registration status to only the submitted compilation. Corbis Registration No. VA 1-021-389 also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation. Corbis Registration No. VA 1-021-389 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by

agreement." The text entered Box references the two types of works: "all other photographs/digital images **and** compilation and digitally enhanced images." Rosenthal Decl. ¶ 43, Ex. OO (Sohm/VOA v. Scholastic 000419-420) (emphasis added).

136.    Corbis' Copyright Registration No. VA 1-021-389 covers Photograph "San Francisco from Treasure Island/JS008019," Image ID JS008019, which appears in Exhibit 1, Row 13. FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 1-038-658*

137.    Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-038-658 as a published group registration in its name, dated January 14, 1999, creation date 1998, publication date December 31, 1998. Rosenthal Decl. ¶ 44, Ex. PP (Sohm/VOA v. Scholastic 000421-22).

**Sohm's Counter-Statement: Not disputed.**

138.    Registration No. VA 1-038-658 does not include Sohm and/or VOA as author. Rosenthal Decl. ¶¶ 44, 3, Exs. PP, B (Sohm/VOA v. Scholastic 000421-22; Sohm Dep. 139:8-140:1).

**Sohm's Counter-Statement: Disputed.** Sohm **disputes** that Corbis Registration No. VA 1-038-658 does not include Sohm and/or VOA as author. Sohm acknowledges that "Sohm" or "VOA" do not appear on Corbis Registration No. VA 1-038-658. But Sohm is included as an author under Section 2b of Corbis Registration No. VA 1-038-658 by the reference to "Kevin Fleming, Cathrine Karnow, Bob Krist **and 456 other photographers**." *See* Rosenthal Decl. ¶¶ 44, 3, Exs. PP, B (Sohm/VOA v. Scholastic 000421-22) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in the program authorized Corbis to register Sohm's photographs on Sohm's behalf. MSJ Sohm Decl., Doc. 68-0, ¶ 6, and Ex. 2 thereto. Corbis assigned back complete copyright ownership of Sohm's

photographs it registered and provided to Sohm a spreadsheet report identifying the registration information for each registered photograph. *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application. Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl. As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the phrase and 'and x [number] others.'" *Id.*, ¶ 7 and Ex. 2 thereto. The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a work created by a large number of authors is considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'" *Id.* Corbis Registration No. VA 1-038-658 was executed in accordance with these practices and understanding. *See* Rosenthal Decl. ¶¶ 44, 3, Exs. PP, B (Sohm/VOA v. Scholastic 000421-22).

139.    Corbis' Registration No. VA 1-038-658 includes information in Box 6, indicating that it is a compilation. Rosenthal Decl. ¶ 44, Ex. PP (Sohm/VOA v. Scholastic 000421-22).

**Sohm's Counter-Statement: Disputed in part.** Sohm does **not dispute** that Corbis Registration No. VA 1-038-658 confers registration status to the submitted material as a compilation. Sohm **disputes** paragraph 139 to the extent it implies that Corbis Registration No. VA 1-038-658 confers registration status to only the submitted compilation. Corbis Registration No. VA 1-038-658 also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation. Corbis Registration No. VA 1-038-658 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by

33

agreement."  The text entered Box references the two types of works: "all other photographs/digital images **and** compilation."  Rosenthal Decl. ¶ 44, Ex. PP (Sohm/VOA v. Scholastic 000421-22) (emphasis added).

140.     Corbis' Copyright Registration No. VA 1-038-658 covers Photographs "Downtown Chicago," Image ID JS006498, with appears in Exhibit 1, Row 4, "Texas State Flag/JS007332", Image ID JS007322, which appears in Exhibit 1, Row 36 and "Early Man Pictographs/JS007355," Image ID JS007355, with appears in Exhibit 1, Row 37.  FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 1-113-639*

141.     Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-113-639 as a published group registration in its name, dated March 19, 2001, with a creation date of 2000 and a publication date of September 30, 2000.  Rosenthal Decl. ¶ 45, Ex. QQ (Sohm/VOA v. Scholastic 000426-27).

**Sohm's Counter-Statement: Not disputed.**

142.     Registration No. VA 1-113-639 does not include Sohm and/or VOA as author. Rosenthal Decl. ¶¶ 45, 3, Exs. QQ, B (Sohm/VOA v. Scholastic 000426-27; Sohm Dep. 124:20-125:2).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 1-113-639 does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA" do not appear on Corbis Registration No. VA 1-113-639.  But Sohm is included as an author under Section 2b of Corbis Registration No. VA 1-113-639 by the reference to "Paul Saunders, Kurt Krieger, Chris Hellier **& Others**."  *See* Rosenthal Decl. ¶¶ 45, 3, Exs. QQ, B (Sohm/VOA v. Scholastic 000426-27) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in

the program authorized Corbis to register Sohm's photographs on Sohm's behalf. MSJ Sohm Decl., Doc. 68-0, ¶ 6, and Ex. 2 thereto.  Corbis assigned back complete copyright ownership of Sohm's photographs it registered and provided to Sohm a spreadsheet report identifying the registration information for each registered photograph.  *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application.  Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl.  As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the phrase and 'and x [number] others.'"  *Id.*, ¶ 7 and Ex. 2 thereto.  The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a work created by a large number of authors is considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'"  *Id.*  Corbis Registration No. VA 1-113-639 was executed in accordance with these practices and understanding.  *See* Rosenthal Decl. ¶¶ 44, 3, Exs. PP, B (Sohm/VOA v. Scholastic 000421-22).

143.    Corbis' Registration No. VA 1-113-639 registers the photographs therein as a work for hire.  Rosenthal Decl. ¶ 45, Ex. QQ (Sohm/VOA v. Scholastic 000426-27).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 1-113-639 registers Sohm's photographs therein as works for hire.  Corbis Registration No. VA 1-113-639 registers two types of works: (1) for-hire work created and owned by Corbis regarding the arrangement of the compilation or catalog and (2) not-for-hire works co-owned by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement."  Rosenthal Decl. ¶ 45, Ex. QQ (Sohm/VOA v. Scholastic 000426-27).

Section 2a identifies Corbis as the author of the work for hire.  (An "X" marks the Yes Box under the registration text: "Was this contribution to the work a 'work made for hire'?")  *Id.*  Section 2b identifies additional authors who created works not made for hire.  (An "X" marks the No Box under the registration text: "Was this contribution to the work a 'work made for hire'?")  *Id.*

Corbis, as one of the authors identified on the registration, registered certain copyrighted material, created as work for hire, and embodied in the arrangement of the collection or compilation.  *See* Rosenthal Decl. ¶ 5, Ex. D (Sohm/VOA v. Scholastic 000541), Letter dated February 28, 2004 regarding Reassignment of Legal Title: "As part of Corbis' efforts to protect against infringement, Corbis also registered copyright in certain elements of the Corbis digital file containing your image, including without limitation any materials, technology, or elements contributed or authored by Corbis and included in the digital file.  Corbis retains ownership of these elements and this letter does not transfer an of Corbis' rights in its digital file.  Corbis' copyright does not extend to any portion of your image or your copyright and does not give Corbis any rights to your image.  Corbis' rights to your images are determined solely by the terms of the Photographer Representation Agreement between you and Corbis.").

Section 2a regarding for-hire authorship for part of the submitted copyrighted material does not apply to Sohm.  Sohm was never an employee of Corbis and never prepared works for Corbis.  MSJ Sohm Decl., ¶ 3 (Sohm is the "author and copyright owner of the photographs identified in Exhibit 1 to the Kerr Declaration."); *Id.*, ¶ 21 (Sohm "created all of the photographs identified in the First Amended Complaint of [Sohm's] own volition.").  Scholastic does not submit, and cannot submit, any evidence showing that Sohm created works within the scope of employment with Corbis or that Corbis and Sohm agreed in writing for Sohm to specially create works for Corbis.

Section 2b regarding not for-hire works, which lists additional authors, "Paul Saunders, Kurt Krieger, Chris Hellier **& Others**," applies to Sohm.  These authors did not create works for hire, but transferred copyright ownership to Corbis "by agreement."  Rosenthal Decl. ¶ 45, Ex. QQ

36

(Sohm/VOA v. Scholastic 000426-27).

144.    Corbis' Registration No. VA 1-113-639 includes information in Box 6, indicating that it is a compilation.  Rosenthal Decl. ¶ 45, Ex. QQ (Sohm/VOA v. Scholastic 000426-27).

**Sohm's Counter-Statement: Disputed in part.**  Sohm does **not dispute** that Corbis Registration No. VA 1-113-639 confers registration status to the submitted material as a compilation.  Sohm **disputes** paragraph 144 to the extent it implies that Corbis Registration No. VA 1-113-639 confers registration status to only the submitted compilation.  Corbis Registration No. VA 1-113-639 also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation.  As discussed in Sohm's response to paragraph 143, Corbis Registration No. VA 1-113-639 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement."  The text entered Box references the two types of works: "New unpublished photographs and digitally enhanced images, **as well as a compilation** of digitally enhanced unpublished, previously published and public domain images."  Rosenthal Decl. ¶ 45, Ex. QQ (Sohm/VOA v. Scholastic 000426-27) (emphasis added).

145.    Corbis' Copyright Registration No. VA 1-113-639 covers Photographs "St. Louis Skyline," Image ID JS1000001, which appears in Exhibit 1, Row 2, "U.S. Capitol/JS1000437," Image ID JS1000437, which appears in Exhibit 1, Row 27, "U.S. Capital," Image ID JS1000439, which appears in Exhibit 1, Row 3, "State Capitol Building in Carson City," Image ID JS1000483, which appears in Exhibit 1, Row 41 and "Shea Stadium," Image ID JS2370C, which appears in Exhibit 4, Row 4.  FAC Exs. 1, 4.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 1-132-628*

146.    Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-132-628 as a published group registration in its name, dated January 18, 2002, with a creation date of 2001,

publication date October 1, 2001.  Rosenthal Decl. ¶ 46, Ex. RR (Sohm/VOA v. Scholastic 000428-29).

**Sohm's Counter-Statement: Not disputed.**

147.    Registration No. VA 1-132-628 does not include Sohm and/or VOA as author. Rosenthal Decl. ¶ 46, Ex. RR (Sohm/VOA v. Scholastic 000428-29).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 1-132-628 does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA" do not appear on Corbis Registration No. VA 1-132-628.  But Sohm is included as an author under Section 2b of Corbis Registration No. VA 1-132-628 by the reference to "Leland Bobbe, Patricia Doyle, LGI Stock, **& Others**."  *See* Rosenthal Decl. ¶ 46, Ex. RR (Sohm/VOA v. Scholastic 000428-29) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in the program authorized Corbis to register Sohm's photographs on Sohm's behalf.  MSJ Sohm Decl., Doc. 68-0, ¶ 6, and Ex. 2 thereto.  Corbis assigned back complete copyright ownership of Sohm's photographs it registered and provided to Sohm a spreadsheet report identifying the registration information for each registered photograph.  *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application.  Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl.  As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the phrase and 'and x [number] others.'"  *Id.*, ¶ 7 and Ex. 2 thereto.  The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the

registration application submitted for a work created by a large number of authors is considered

acceptable 'if it names at least three of those authors followed by a statement such as 'and (number)

others.'" *Id.* Corbis Registration No. VA 1-132-628 was executed in accordance with these

practices and understanding. *See* Rosenthal Decl. ¶ 46, Ex. RR (Sohm/VOA v. Scholastic 000428-

29).

148.    Corbis' Registration No. VA 1-132-628 includes information in Box 6, indicating

that it is a compilation. Rosenthal Decl. ¶ 46, Ex. RR (Sohm/VOA v. Scholastic 000428-29).

**Sohm's Counter-Statement: Disputed in part.** Sohm does **not dispute** that Corbis

Registration No. VA 1-132-628 confers registration status to the submitted material as a

compilation. Sohm **disputes** paragraph 148 to the extent it implies that Corbis Registration No. VA

1-132-628 confers registration status to only the submitted compilation. Corbis Registration No.

VA 1-132-628 also confers registration status on the constituent works, created by authors other

than Corbis, contained within the compilation. Corbis Registration No. VA 1-132-628 registers two

types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created

by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose

of registration "by agreement." The text entered Box references the two types of works: "Monthly

updates of new unpublished photographs and digitally enhanced images, **as well as a compilation**

of digitally enhanced, unpublished, previously published and public domain images." Rosenthal

Decl. ¶ 46, Ex. RR (Sohm/VOA v. Scholastic 000428-29) (emphasis added).

149.    Corbis' Copyright Registration No. VA 1-132-628 covers Photograph "Statue of

Liberty and American Flag," Image ID JS1262564, which appears in Exhibit 1, Rows 15 and 45.

FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 1-145-485*

150.    Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-145-485 as a

published group registration in its name, dated August 15, 2002, creation date 2002, publication date

May 31, 2002.  Rosenthal Decl. ¶ 47, Ex. SS (Sohm/VOA v. Scholastic 000430-41).

**Sohm's Counter-Statement: Not disputed.**

151.     Registration No. VA 1-145-485 does not include Sohm and/or VOA as author.

Rosenthal Decl. ¶ 47, Ex. SS (Sohm/VOA v. Scholastic 000430-41).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 1-145-

485 does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA"

do not appear on Corbis Registration No. VA 1-145-485.  But Sohm is included as an author under

Section 2b of Corbis Registration No. VA 1-145-485 by the reference to "Joe McBride, Shepard

Sherbell, Liu Liquan, **& Others**."  *See* Rosenthal Decl. ¶ 47, Ex. SS (Sohm/VOA v. Scholastic

000430-41) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred

copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in

the program authorized Corbis to register Sohm's photographs on Sohm's behalf.  MSJ Sohm Decl.,

Doc. 68-0, ¶ 6, and Ex. 2 thereto.  Corbis assigned back complete copyright ownership of Sohm's

photographs it registered and provided to Sohm a spreadsheet report identifying the registration

information for each registered photograph.  *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the

Copyright Office which permit photography agencies to register catalogs as a collection or

compilation, as well as the individual photographs depicted in the catalog, in one application.  Opp.

Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl.  As part of those procedures, the Copyright Office

instructed stock photography agencies – when registering catalogs and their constituent works

created by multiple authors – to list in section 2b "three individual photographers followed by the

phrase and 'and x [number] others.'"  *Id.*, ¶ 7 and Ex. 2 thereto.  The Copyright Office, in

accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3),

stated that "the registration application submitted for a work created by a large number of authors is considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'" *Id.* Corbis Registration No. VA 1-145-485 was executed in accordance with these practices and understanding. *See* Rosenthal Decl. ¶ 47, Ex. SS (Sohm/VOA v. Scholastic 000430-41).

152.    Corbis' Registration No. VA 1-145-485 includes information in Box 6, indicating that it is a compilation. Rosenthal Decl. ¶ 47, Ex. SS (Sohm/VOA v. Scholastic 000430-31).

**Sohm's Counter-Statement: Disputed in part.** Sohm does **not dispute** that Corbis Registration No. VA 1-145-485 confers registration status to the submitted material as a compilation. Sohm **disputes** paragraph 152 to the extent it implies that Corbis Registration No. VA 1-145-485 confers registration status to only the submitted compilation. Corbis Registration No. VA 1-145-485 also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation. Corbis Registration No. VA 1-145-485 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement." The text entered Box references the two types of works: "Monthly updates of new unpublished photographs and digitally enhanced images, **as well as a compilation** of digitally enhanced, unpublished, previously published and public domain images." Rosenthal Decl. ¶ 47, Ex. SS (Sohm/VOA v. Scholastic 000430-31) (emphasis added).

153.    Corbis' Copyright Registration No. VA 1-145-485 covers Photograph "2002 Winter Olympic Torch," Image ID JS1562051, which appears in Exhibit 1, Row 18. FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 1-167-455*

154.    Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-167-455 as a published group registration in its name, dated December 19, 2002, creation date 2002, publication

date November 30, 2002.  Rosenthal Decl. ¶ 48, Ex. TT (Sohm/VOA v. Scholastic 000432-33).

**Sohm's Counter-Statement: Not disputed.**

155.    Registration No. VA 1-167-455 does not include Sohm and/or VOA as author.
Rosenthal Decl. ¶ 48, Ex. TT (Sohm/VOA v. Scholastic 000432-33).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 1-167-455 does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA" do not appear on Corbis Registration No. VA 1-167-455.  But Sohm is included as an author under Section 2b of Corbis Registration No. VA 1-167-455 by the reference to "Michael Keller, Joe Bator, Ed Bock **& Others**."  *See* Rosenthal Decl. ¶ 48, Ex. TT (Sohm/VOA v. Scholastic 000432-33) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in the program authorized Corbis to register Sohm's photographs on Sohm's behalf.  MSJ Sohm Decl., Doc. 68-0, ¶ 6, and Ex. 2 thereto.  Corbis assigned back complete copyright ownership of Sohm's photographs it registered and provided to Sohm a spreadsheet report identifying the registration information for each registered photograph.  *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application.  Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl.  As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the phrase and 'and x [number] others.'"  *Id.*, ¶ 7 and Ex. 2 thereto.  The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a work created by a large number of authors is

considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'"  *Id.*  Corbis Registration No. VA 1-167-455 was executed in accordance with these practices and understanding.  *See* Rosenthal Decl. ¶ 48, Ex. TT (Sohm/VOA v. Scholastic 000432-33).

156.    Corbis' Registration No. VA 1-167-455 includes information in Box 6, indicating that it is a compilation.  Rosenthal Decl. ¶ 48, Ex. TT (Sohm/VOA v. Scholastic 000432-33).

**Sohm's Counter-Statement: Disputed in part.**  Sohm does **not dispute** that Corbis Registration No. VA 1-021-388 confers registration status to the submitted material as a compilation.  Sohm **disputes** paragraph 156 to the extent it implies that Corbis Registration No. VA 1-167-455 confers registration status to only the submitted compilation.  Corbis Registration No. VA 1-167-455 also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation.  Corbis Registration No. VA 1-167-455 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement."  The text entered Box references the two types of works: "Monthly updates of new unpublished photographs and digitally enhanced images, **as well as a compilation** of digitally enhanced, unpublished, previously published and public domain images."  Rosenthal Decl. ¶ 48, Ex. TT (Sohm/VOA v. Scholastic 000432-33) (emphasis added).

157.    Corbis' Copyright Registration No. VA 1-167-455 covers Photograph "Interior of Kiva at Pecos National Historical Park," Image ID JS1564786, which appears in Exhibit 1, Row 52.  FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 1-182-006*

158.    Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-182-006 as a published group registration in its name, dated November 20, 2001, creation date 2001, publication

date March 31, 2001. Rosenthal Decl. ¶ 49, Ex. UU (Sohm/VOA 000434-35).

**Sohm's Counter-Statement: Not disputed.**

159.    Registration No. VA 1-182-006 does not include Sohm and/or VOA as author. Rosenthal Decl. ¶ 49, Ex. UU (Sohm/VOA 000434-35).

**Sohm's Counter-Statement: Disputed.** Sohm **disputes** that Corbis Registration No. VA 1-182-006 does not include Sohm and/or VOA as author. Sohm acknowledges that "Sohm" or "VOA" do not appear on Corbis Registration No. VA 1-182-006. But Sohm is included as an author identified in Corbis Registration No. VA 1-182-006 by the reference to "Joe McBride, Darren Winter, John Abbott **et al.**; *See* Rosenthal Decl. ¶ 49, Ex. UU (Sohm/VOA 000434-35) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in the program authorized Corbis to register Sohm's photographs on Sohm's behalf. MSJ Sohm Decl., Doc. 68-0, ¶ 6, and Ex. 2 thereto. Corbis assigned back complete copyright ownership of Sohm's photographs it registered and provided to Sohm a spreadsheet report identifying the registration information for each registered photograph. *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application. Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl. As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the phrase and 'and x [number] others.'" *Id.*, ¶ 7 and Ex. 2 thereto. The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a work created by a large number of authors is

considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'"  *Id.*  Corbis Registration No. VA 1-182-006 was executed in accordance with these practices and understanding.

160.    Corbis' Registration No. VA 1-182-006 includes information in Box 6, indicating that it is a compilation.  Rosenthal Decl. ¶ 49, Ex. UU (Sohm/VOA v. Scholastic 000434-35).

**Sohm's Counter-Statement: Disputed in part.**  Sohm does **not dispute** that Corbis Registration No. VA 1-182-006 confers registration status to the submitted material as a compilation.  Sohm **disputes** paragraph 160 to the extent it implies that Corbis Registration No. VA 1-182-006 confers registration status to only the submitted compilation.  Corbis Registration No. VA 1-182-006 also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation.  Corbis Registration No. VA 1-182-006 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration.  The description of the registered material states: "New Matter: updating **& compilation** of digitally enhanced photos & images."  Rosenthal Decl. ¶ 49, Ex. UU (Sohm/VOA v. Scholastic 000434-35) (emphasis added).

161.    Corbis' Copyright Registration No. VA 1-182-006 covers Photograph "Colin Powell at a Rally/JS1262509, Image ID JS1262509, which appears in Exhibit 1, Row 34.  FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 1-221-420*

162.    Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-221-420 as a published group registration in its name, dated November 17m 2003, creation date 2003, publication date October 25, 2003.  Rosenthal Decl. ¶ 50, Ex. VV (Sohm/VOA v. Scholastic 000436-39).

**Sohm's Counter-Statement: Not disputed.**

163.    Registration No. VA 1-221-420 does not include Sohm and/or VOA as author.

Rosenthal Decl. ¶ 50, Ex. VV (Sohm/VOA v. Scholastic 000436-39).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 1-221-420 does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA" do not appear on Corbis Registration No. VA 1-221-420.  But Sohm is included as an author under Section 2b of Corbis Registration No. VA 1-221-420 by the reference to "Pierre Vauthey, George Huey, Chase Jarvis **& Others**."  *See* Rosenthal Decl. ¶ 50, Ex. VV (Sohm/VOA v. Scholastic 000436-39) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in the program authorized Corbis to register Sohm's photographs on Sohm's behalf.  MSJ Sohm Decl., Doc. 68-0, ¶ 6, and Ex. 2 thereto.  Corbis assigned back complete copyright ownership of Sohm's photographs it registered and provided to Sohm a spreadsheet report identifying the registration information for each registered photograph.  *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application.  Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl.  As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the phrase and 'and x [number] others.'"  *Id.*, ¶ 7 and Ex. 2 thereto.  The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a work created by a large number of authors is considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'"  *Id.*  Corbis Registration No. VA 1-221-420 was executed in accordance with these practices and understanding.  *See* Rosenthal Decl. ¶¶ 44, 3, Exs. PP, B (Sohm/VOA v.

Scholastic 000421-22).

164.    Corbis' Registration No. VA 1-221-420 includes information in Box 6, indicating that it is a compilation.  Rosenthal Decl. ¶ 50, Ex. VV (Sohm/VOA v. Scholastic 000436-39).

**Sohm's Counter-Statement: Disputed in part.**  Sohm does **not dispute** that Corbis Registration No. VA 1-021-388 confers registration status to the submitted material as a compilation.  Sohm **disputes** paragraph 164 to the extent it implies that Corbis Registration No. VA 1-221-420 confers registration status to only the submitted compilation.  Corbis Registration No. VA 1-221-420 also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation.  Corbis Registration No. VA 1-221-420 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement."  The text entered Box references the two types of works: "Monthly updates of new unpublished photographs and digitally enhanced images, **as well as a compilation** of digitally enhanced, unpublished, previously published and public domain images."  Rosenthal Decl. ¶ 50, Ex. VV (Sohm/VOA v. Scholastic 000436-39) (emphasis added).

165.    Corbis' Copyright Registration No. VA 1-221-420 covers Photograph "Iguazu Waterfalls," Image ID JS1568335, which appears in Exhibit 1, Rows 7-8.  FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 1-260-519*

166.    Plaintiffs' agent Corbis registered Copyright Registration No. VA 1-260-519 as a published group registration in its name, dated June 8, 2004, creation date 2004, publication date May 1, 2004.  Rosenthal Decl. ¶ 51, Ex. WW (Sohm/VOA v. Scholastic 000440-43).

**Sohm's Counter-Statement: Not disputed.**

167.    Registration No. VA 1-260-519 does not include Sohm and/or VOA as author. Rosenthal Decl. ¶ 51, Ex. WW (Sohm/VOA v. Scholastic 000440-43).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 1-260-519  does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA" do not appear on Corbis Registration No. VA 1-260-519.  But Sohm is included as an author under Section 2b of Corbis Registration No. VA 1-260-519 by the reference to "Patric Swire, Christopher Ameruoso, Emily Shur **and others**."  *See* Rosenthal Decl. ¶ 51, Ex. WW (Sohm/VOA v. Scholastic 000440-43) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in the program authorized Corbis to register Sohm's photographs on Sohm's behalf.  MSJ Sohm Decl., Doc. 68-0, ¶ 6, and Ex. 2 thereto.  Corbis assigned back complete copyright ownership of Sohm's photographs it registered and provided to Sohm a spreadsheet report identifying the registration information for each registered photograph.  *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application.  Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl.  As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the phrase and 'and x [number] others.'"  *Id.*, ¶ 7 and Ex. 2 thereto.  The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a work created by a large number of authors is considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'"  *Id.*  Corbis Registration No. VA 1-260-519 was executed in accordance with these practices and understanding.  *See* Rosenthal Decl. ¶ 51, Ex. WW (Sohm/VOA v. Scholastic 000440-43).

168.    Corbis' Registration No. VA 1-260-519 includes information in Box 6, indicating that it is a compilation.  Rosenthal Decl. ¶ 51, Ex. WW (Sohm/VOA v. Scholastic 000440-43).

**Sohm's Counter-Statement: Disputed in part.**  Sohm does **not dispute** that Corbis Registration No. VA 1-260-519 confers registration status to the submitted material as a compilation.  Sohm **disputes** paragraph 168 to the extent it implies that Corbis Registration No. VA 1-260-519 confers registration status to only the submitted compilation.  Corbis Registration No. VA 1-260-519 also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation.  Corbis Registration No. VA 1-260-519 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement."  The text entered Box references the two types of works: "Monthly updates of new unpublished photographs and digitally enhanced images, **as well as a compilation** of digitally enhanced, unpublished, previously published and public domain images."  Rosenthal Decl. ¶ 51, Ex. WW (Sohm/VOA v. Scholastic 000440-43) (emphasis added).

169.    Corbis' Copyright Registration No. VA 1-260-519 covers Photographs "Bald Eagle and American Flag/JS1568440, which appears in Exhibit 1, Row 28 and "Fireworks Behind Mount Rushmore," Image ID JS1568442, which appears in Exhibit 1, Rows 43 and 24.  FAC Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 863-783*

170.    Plaintiffs' agent Corbis registered Copyright Registration No. VA 863-783 as a published group registration in its name, dated November 6, 1997, with creation date 1997, publication date March 17, 1997.  Rosenthal Decl. ¶ 52, Ex. XX (Sohm/VOA v. Scholastic 000444-45).

**Sohm's Counter-Statement: Not disputed.**

171.    Registration No. VA 863-783 does not include Sohm and/or VOA as author.

49

Rosenthal Decl. ¶ 52, Ex. XX (Sohm/VOA v. Scholastic 000444-45).

**Sohm's Counter-Statement: Disputed.** Sohm **disputes** that Corbis Registration No. VA 863-783 does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA" do not appear on Corbis Registration No. VA 863-783.  But Sohm is included as an author under Section 2b of Corbis Registration No. VA 863-783 by the reference to "James Amos, Dave Bartruff, Tom Bean **and 125 other photographers**."  *See* Rosenthal Decl. ¶ 52, Ex. XX (Sohm/VOA v. Scholastic 000444-45) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in the program authorized Corbis to register Sohm's photographs on Sohm's behalf.  MSJ Sohm Decl., Doc. 68-0, ¶ 6, and Ex. 2 thereto.  Corbis assigned back complete copyright ownership of Sohm's photographs it registered and provided to Sohm a spreadsheet report identifying the registration information for each registered photograph.  *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application.  Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl.  As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the phrase and 'and x [number] others.'"  *Id.*, ¶ 7 and Ex. 2 thereto.  The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a work created by a large number of authors is considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'"  *Id.*  Corbis Registration No. VA 863-783 was executed in accordance with these practices and understanding.  *See* Rosenthal Decl. ¶ 52, Ex. XX (Sohm/VOA v. Scholastic

000444-45).

172.    Corbis' Registration No. VA 863-783 registers the photographs therein as a work for hire.  Rosenthal Decl. ¶ 52, Ex. XX (Sohm/VOA v. Scholastic 000444-45).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 863-783 registers Sohm's photographs therein as works for hire.  Corbis Registration No. VA 863-783 registers two types of works: (1) for-hire work created and owned by Corbis regarding the arrangement of the compilation or catalog and (2) not-for-hire works co-owned by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement."  Rosenthal Decl. ¶ 52, Ex. XX (Sohm/VOA v. Scholastic 000444-45).  Section 2a identifies Corbis as the author of the work for hire.  (An "X" marks the Yes Box under the registration text: "Was this contribution to the work a 'work made for hire'?")  *Id.*  Section 2b identifies additional authors who created works not made for hire.  (An "X" marks the No Box under the registration text: "Was this contribution to the work a 'work made for hire'?")  *Id.*

Corbis, as one of the authors identified on the registration, registered certain copyrighted material, created as work for hire, and embodied in the arrangement of the collection or compilation.  *See* Rosenthal Decl. ¶ 5, Ex. D (Sohm/VOA v. Scholastic 000541), Letter dated February 28, 2004 regarding Resassignment of Legal Title: "As part of Corbis' efforts to protect against infringement, Corbis also registered copyright in certain elements of the Corbis digital file containing your image, including without limitation any materials, technology, or elements contributed or authored by Corbis and included in the digital file.  Corbis retains ownership of these elements and this letter does not transfer an of Corbis' rights in its digital file.  Corbis' copyright does not extend to any portion of your image or your copyright and does not give Corbis any rights to your image.  Corbis' rights to your images are determined solely by the terms of the Photographer Representation Agreement between you and Corbis.").

Section 2a regarding for-hire authorship for part of the submitted copyrighted material does

51

not apply to Sohm.  Sohm was never an employee of Corbis and never prepared works for Corbis.
MSJ Sohm Decl., ¶ 3 (Sohm is the "author and copyright owner of the photographs identified in
Exhibit 1 to the Kerr Declaration."); *Id.*, ¶ 21 (Sohm "created all of the photographs identified in the
First Amended Complaint of [Sohm's] own volition.").  Scholastic does not submit, and cannot
submit, any evidence showing that Sohm created works within the scope of employment with
Corbis or that Corbis and Sohm agreed in writing for Sohm to specially create works for Corbis.

Section 2b regarding not for-hire works, which lists additional authors, "James Amos, Dave
Bartruff, Tom Bean **and 125 other photographers,"** applies to Sohm.  These authors did not create
works for hire, but transferred copyright ownership to Corbis "by agreement."  Rosenthal Decl. ¶
52, Ex. XX (Sohm/VOA v. Scholastic 000444-45).

173.    Corbis' Registration No. VA 863-783 includes information in Box 6, indicating that
it is a compilation.  Rosenthal Decl. ¶ 52, Ex. XX (Sohm/VOA v. Scholastic 000444-45).

**Sohm's Counter-Statement: Disputed in part.**  Sohm does **not dispute** that Corbis Registration
No. VA 863-783 confers registration status to the submitted material as a compilation.  Sohm
**disputes** paragraph 173 to the extent it implies that Corbis Registration No. VA 863-783 confers
registration status to only the submitted compilation.  Corbis Registration No. VA 863-783 also
confers registration status on the constituent works, created by authors other than Corbis, contained
within the compilation.  Corbis Registration No. VA 863-783 registers two types of works: (1) the
for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors
who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by
agreement."  The text entered Box references the two types of works: "All other
photographs/digital images **and** compilation and digitally enhanced images."  Rosenthal Decl. ¶ 52,
Ex. XX (Sohm/VOA v. Scholastic 000444-45) (emphasis added).

174.    Registration No. VA 863-783 covers Photographs "Santa Monica, California: These
aluminum cans, foil, and plates are all ready for recycling at the Santa Monica Community Center,"

Image ID ESOH0117005, which appears in Exhibit 5, Row 25, "Little league baseball," Image ID ESOH46210, which appears in Exhibit 5, Row 16, "Temple in Malibu/JS001216," Image ID JS001216, which appears in Exhibit 1, Row 31, "1994 Los Angeles Earthquake Damaged House," Image ID JS001313, which appears in Exhibit 1, Row 51, "Greenhouse at Epcot Center/JS001620," Image ID JS001620, which appears in Exhibit 1, Row 51, "Cement Truck Being Loaded/JS001828," Image ID JS001828, which appears in Exhibit 1, Row 9, "Crowd at Macy's Thanksgiving Day Parade," Image ID JS002207, which appears in Exhibit 1, Rows 22-23, "Senior Citizens Play Shuffleboard/JS002363," Image ID JS002363, which appears in Exhibit 1, Row 32, "Kids at Puerto Rican Festival in Delaware," Image ID JS002547, which appears in Exhibit 1, Row 48, "Canine Frisbee-Catching Contest," Image ID JS002697, which appears in Exhibit 1, Row 44, "Highway Exit Sign for Welfare," Image ID JS003248, which appears in Exhibit 1, Row 19, "Vietnam Vets Remember on Veterans Day/JS003709," Image ID JS003709, which appears in Exhibit 1, Row 56, "<Mayflower II> Replica at Sunset/," Image ID JS004075, which appears in Exhibit 1, Row 10, "Home of Thomas Edison, JS004229," Image ID JS04229, which appears in Exhibit 1, Row 25, "The Constitution," Image ID JS004492, which appears in Exhibit 1, Row 54, "Florida State Seal/JS004517," Image ID JS004517, which appears in Exhibit 1, Row 33, "Library Book Drop," Image ID JS004612, which appears in Exhibit 1, Row 20, "Mount Washington Hotel, Bretton Woods," Image ID JS004797, which appears in Exhibit 1, Row 42, "Shanghai Stock Exchange Trading Board," Image ID JS005158, which appears in Exhibit 1, Row 50, "In Memory of Vietnam," Image ID JS005320, which appears in Exhibit 1, Rows 14 and 46, "Cadets at Homecoming Parade," Image ID JS005325, which appears in Exhibit 1, Row 47, "Ford Factory at Sunset," Image ID JS005355, which appears in Exhibit 1, Row 21, and "Appomatox Court House," Image ID JYS0737C, which appears in Exhibit 4, Rows 1 and 3.  FAC Exs. 1, 4-5.

**Sohm's Counter-Statement: Not disputed.**

   175. Plaintiffs allege that Registration No. VA 863-783 also covers Photographs

"Biosphere 2," Image ID CSOH4913, which appears in Exhibit 5, Row 3, "Wind Farm at Palm

Springs/JS01854," Image ID JS01854, which appears in Exhibit 1, Rows 11-12 and 16, "Daniel

Webster's birthplace JS005282," Image ID JYS1349C, which appears in Exhibit 4, Row 5 and

"Conductor Waving From Train," Image ID JS0003524, appearing in Exhibit 1, Row 17.  Rosenthal

Decl. ¶ 60, Ex. FFF (Plaintiffs' First Supplemental Initial Rule 26(a) Disclosures, dated February 7,

2017 (the "SID")) at 7, 14, 16 and 30).

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 863-785*

176.    Plaintiffs' agent Corbis registered Copyright Registration No. VA 863-785 as a

published group registration in its name, dated November 6, 1997, creation date 1997, publication

date June 30, 1997.  Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v. Scholastic 000446-47).

**Sohm's Counter-Statement: Not disputed.**

177.    Registration No. VA 863-785 does not include Sohm and/or VOA as author.

Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v. Scholastic 000446-47).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 863-785

does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA" do

not appear on Corbis Registration No. VA 863-785.  But Sohm is included as an author under

Section 2b of Corbis Registration No. VA 863-785 by the reference to "Dave Bartruff, Annie G.

Belt, Buddy Mays **and 45 other photographers**."  *See* Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v.

Scholastic 000446-47) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred

copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in

the program authorized Corbis to register Sohm's photographs on Sohm's behalf.  MSJ Sohm Decl.,

Doc. 68-0, ¶ 6, and Ex. 2 thereto.  Corbis assigned back complete copyright ownership of Sohm's

photographs it registered and provided to Sohm a spreadsheet report identifying the registration

information for each registered photograph.  *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application.  Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl.  As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the phrase and 'and x [number] others.'"  *Id.*, ¶ 7 and Ex. 2 thereto.  The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a work created by a large number of authors is considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'"  *Id.*  Corbis Registration No. VA 863-785 was executed in accordance with these practices and understanding.  *See* Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v. Scholastic 000446-47).

178.    Corbis' Registration No. VA 863-785 registers the photographs therein as a work for hire.  Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v. Scholastic 000446-47).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VA 863-785 registers Sohm's photographs therein as works for hire.  Corbis Registration No. VA 863-785 registers two types of works: (1) for-hire work created and owned by Corbis regarding the arrangement of the compilation or catalog and (2) not-for-hire works co-owned by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement."  Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v. Scholastic 000446-47). Section 2a identifies Corbis as the author of the work for hire.  (An "X" marks the Yes Box under the registration text: "Was this contribution to the work a 'work made for hire'?")  *Id.*  Section 2b identifies additional authors who created works not made for hire.  (An "X" marks the No Box

under the registration text: "Was this contribution to the work a 'work made for hire'?")  *Id.*

Corbis, as one of the authors identified on the registration, registered certain copyrighted material, created as work for hire, and embodied in the arrangement of the collection or compilation.  *See* Rosenthal Decl. ¶ 5, Ex. D (Sohm/VOA v. Scholastic 000541), Letter dated February 28, 2004 regarding Resassignment of Legal Title: "As part of Corbis' efforts to protect against infringement, Corbis also registered copyright in certain elements of the Corbis digital file containing your image, including without limitation any materials, technology, or elements contributed or authored by Corbis and included in the digital file.  Corbis retains ownership of these elements and this letter does not transfer an of Corbis' rights in its digital file.  Corbis' copyright does not extend to any portion of your image or your copyright and does not give Corbis any rights to your image.  Corbis' rights to your images are determined solely by the terms of the Photographer Representation Agreement between you and Corbis.").

Section 2a regarding for-hire authorship for part of the submitted copyrighted material does not apply to Sohm.  Sohm was never an employee of Corbis and never prepared works for Corbis.  MSJ Sohm Decl., ¶ 3 (Sohm is the "author and copyright owner of the photographs identified in Exhibit 1 to the Kerr Declaration."); *Id.*, ¶ 21 (Sohm "created all of the photographs identified in the First Amended Complaint of [Sohm's] own volition.").  Scholastic does not submit, and cannot submit, any evidence showing that Sohm created works within the scope of employment with Corbis or that Corbis and Sohm agreed in writing for Sohm to specially create works for Corbis.

Section 2b regarding not for-hire works, which lists additional authors, "Dave Bartruff, Annie G. Belt, Buddy Mays **and 45 other photographers**" applies to Sohm.  These authors did not create works for hire, but transferred copyright ownership to Corbis "by agreement."  Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v. Scholastic 000446-47).

179.    Corbis' Registration No. VA 863-785 includes information in Box 6, indicating that it is a compilation.  Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v. Scholastic 000446-47).

**Sohm's Counter-Statement: Disputed in part.**  Sohm does **not dispute** that Corbis Registration No. VA 863-785 confers registration status to the submitted material as a compilation. Sohm **disputes** paragraph 179 to the extent it implies that Corbis Registration No. VA 863-783 confers registration status to only the submitted compilation.  Corbis Registration No. VA 863-783 also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation.  Corbis Registration No. VA 863-783 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement."  The text entered Box references the two types of works: "All other photographs/digital images **and** compilation and digitally enhanced images."  Rosenthal Decl. ¶ 53, Ex. YY (Sohm/VOA v. Scholastic 000446-47) (emphasis added).

180.    Registration No. VA 863-785 contains Photograph "A Sign for the Cadillac Ranch," Image ID JS006304, which appears in Exhibit 1, Row 53.  FAC, Ex. 1.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VAu 546-092*

181.    Plaintiffs' agent Corbis registered Copyright Registration No. VAu 546-092 as an unpublished group registration in its name, dated December 12, 2001, creation date 2000.  Rosenthal Decl. ¶ 53, Ex. ZZ (Sohm/VOA v. Scholastic 000456-57).

**Sohm's Counter-Statement: Not disputed.**

182.    Registration No. VAu 546-092 does not include Sohm and/or VOA as author. Rosenthal Decl. ¶¶ 53, 3, Exs. ZZ, B (Sohm/VOA v. Scholastic 000456-57; Sohm Dep. 108:2-109:7).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VAu 546-092 does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA" do not appear on Corbis Registration No. VAu 546-092.  But Sohm is included as an author under

Section 2b of Corbis Registration No. VAu 546-092 by the reference to "Photex, Rob Goldman, Leland Bobbe, **& Others**." *See* Rosenthal Decl. ¶ 53, Ex. ZZ (Sohm/VOA v. Scholastic 000456-57) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in the program authorized Corbis to register Sohm's photographs on Sohm's behalf. MSJ Sohm Decl., Doc. 68-0, ¶ 6, and Ex. 2 thereto. Corbis assigned back complete copyright ownership of Sohm's photographs it registered and provided to Sohm a spreadsheet report identifying the registration information for each registered photograph. *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application. Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl. As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the phrase and 'and x [number] others.'" *Id.*, ¶ 7 and Ex. 2 thereto. The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a work created by a large number of authors is considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'" *Id.* Corbis Registration No. VAu 546-092 was executed in accordance with these practices and understanding. *See* Rosenthal Decl. ¶ 53, Ex. ZZ (Sohm/VOA v. Scholastic 000456-57).

183.    Corbis' Registration No. VAu 546-092 includes information in Box 6, indicating that it is a compilation. Rosenthal Decl. ¶ 53, Ex. ZZ (Sohm/VOA v. Scholastic 000456-57).

**Sohm's Counter-Statement: Disputed in part.** Sohm does **not dispute** that Corbis Registration

No. VAu 546-092 confers registration status to the submitted material as a compilation. Sohm **disputes** paragraph 183 to the extent it implies that Corbis Registration No VAu 546-092 confers registration status to only the submitted compilation. Corbis Registration No. VAu 546-092 also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation. Corbis Registration No. VAu 546-092 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement." Rosenthal Decl. ¶ 53, Ex. ZZ (Sohm/VOA v. Scholastic 000456-57).

184.    Registration No. VAu 546-092 covers Photographs "Split Rock Minnesota: Split Rock Lighthouse State Park on north shore of Lake Superior at sunrise. October 2000," Image ID CSOH7608000, which appears in Exhibit 5, Rows 23-24, "Monument Valley Navajo Tribal Park," Image ID JS1262176, which appears in Exhibit 1, Row 1 and "Hay Bales in a Field," Image ID JS1262402, which appears in Exhibit 1, Row 40. FAC Exs. 1, 5.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VAu 562-912*

185.    Plaintiffs' agent Corbis registered Copyright Registration No. VAu 562-912 as an unpublished group registration in its name, dated January 23, 2002, creation date 2001. Rosenthal Decl. ¶ 55, Ex. AAA (Sohm/VOA v. Scholastic 000458-59).

**Sohm's Counter-Statement: Not disputed.**

186.    Corbis' Registration No. VAu 562-912 includes information in Box 6, indicating that it is a compilation. Rosenthal Decl. ¶ 55, Ex. AAA (Sohm/VOA v. Scholastic 000458-59).

**Sohm's Counter-Statement: Disputed in part.** Sohm does **not dispute** that Corbis Registration No. VAu 562-912 confers registration status to the submitted material as a compilation. Sohm **disputes** paragraph 186 to the extent it implies that Corbis Registration No. VAu 562-912 confers registration status to only the submitted compilation. Corbis Registration No. VAu 546-092

also confers registration status on the constituent works, created by authors other than Corbis, contained within the compilation.  Corbis Registration No. VAu 562-912 registers two types of works: (1) the for-hire compilation created by Corbis and (2) the not-for-hire works created by individual authors who transferred ownership of copyrighted materials to Corbis for the purpose of registration "by agreement."  Rosenthal Decl. ¶ 55, Ex. AAA (Sohm/VOA v. Scholastic 000458-59).

187.    Registration No. VAu 562-912 does not include Sohm and/or VOA as author.  Rosenthal Decl. ¶¶ 55, 3, Exs. AAA, B (Sohm/VOA v. Scholastic 000458-59; Sohm Dep. 158:8-20).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Corbis Registration No. VAu 562-912  does not include Sohm and/or VOA as author.  Sohm acknowledges that "Sohm" or "VOA" do not appear on Corbis Registration No. VAu 562-912.  But Sohm is included as an author under Section 2b of Corbis Registration No. VAu 562-912 by the reference to "Sygma 'Agence', Photographe A Creer, Image 100, **& Others**."  *See* Rosenthal Decl. ¶¶ 55, 3, Exs. AAA, B (Sohm/VOA v. Scholastic 000458-59) (emphasis added).

Sohm participated in the Corbis Copyright Registration Program in which Sohm transferred copyright ownership to Corbis for the purposes of registering Sohm's photographs; participation in the program authorized Corbis to register Sohm's photographs on Sohm's behalf.  MSJ Sohm Decl., Doc. 68-0, ¶ 6, and Ex. 2 thereto.  Corbis assigned back complete copyright ownership of Sohm's photographs it registered and provided to Sohm a spreadsheet report identifying the registration information for each registered photograph.  *Id.*, ¶ 6, and Ex. 3 thereto.

Corbis effected copyright registrations in accordance with procedures developed by the Copyright Office which permit photography agencies to register catalogs as a collection or compilation, as well as the individual photographs depicted in the catalog, in one application.  Opp. Kerr Decl., ¶ 2, Ex. 1, thereto Wolff Decl.  As part of those procedures, the Copyright Office instructed stock photography agencies – when registering catalogs and their constituent works created by multiple authors – to list in section 2b "three individual photographers followed by the

phrase and 'and x [number] others.'" *Id.*, ¶ 7 and Ex. 2 thereto.  The Copyright Office, in accordance with the Compendium of Copyright Office Practices, Compendium II, sec. 615.07(b)(3), stated that "the registration application submitted for a work created by a large number of authors is considered acceptable 'if it names at least three of those authors followed by a statement such as 'and (number) others.'" *Id.*  Corbis Registration No. VAu 562-912 was executed in accordance with these practices and understanding.  *See* Rosenthal Decl. ¶¶ 55, 3, Exs. AAA, B (Sohm/VOA v. Scholastic 000458-59).

*Copyright Registration VAu 344-544*

188.    Plaintiffs registered Copyright Registration No. VAu 344-544 as an unpublished group registration, dated August 17, 1995, creation date 1995.  Rosenthal Decl. ¶ 56, Ex. BBB (Sohm/VOA v. Scholastic 000448-49).

**Sohm's Counter-Statement: Not disputed.**

189.    VAu 344-544 does not indicate on the face of the registration that it was meant to cover a compilation.  Rosenthal Decl. ¶ 56, Ex. BBB (Sohm/VOA v. Scholastic 000448-49).

**Sohm's Counter-Statement: Not disputed.**

190.    Registration No. VAu 344-544 covers Photograph "United Nations Headquarters," Image ID JS05063, which appears in Exhibit 5, Row 1.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

191.    Image ID JS05063 has a publication date of May 1, 1995, which precedes the registration date.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000187).

**Sohm's Counter-Statement: Disputed.**  Sohm disputes that Image ID JS05063 has a publication date of May 1, 1995, which precedes the registration date.  Image ID JS05063 (correct Image ID is JS050063 is not listed in Exhibit E to the Rosenthal Decl.

*Copyright Registration VAu 346-439*

192.    Plaintiffs registered Copyright Registration No. VAu 346-439 as an unpublished

group registration, dated September 12, 1995, creation 1995.  Rosenthal Decl. ¶ 57, Ex. CCC
(Sohm/VOA v. Scholastic 000450-51).

**Sohm's Counter-Statement: Not disputed.**

193.    VAu 346-439 does not indicate on the face of the registration that it was meant to
cover a compilation.  Rosenthal Decl. ¶ 57, Ex. CCC (Sohm/VOA v. Scholastic 000450-51).

**Sohm's Counter-Statement: Not disputed.**

194.    Registration No. VAu 346-439 covers Photographs "Biosphere 2," Image ID
CSOH4913, which appears in Exhibit 5, Row 3, "Wind Farm at Palm Springs/JS01854," Image ID
JS01854, which appears in Exhibit 1, Rows 11-12 and 16 and "Daniel Webster's birthplace
JS005282," Image ID JYS1349C, which appears in Exhibit 4, Row 5.  FAC, Exs. 1, 4-5.

**Sohm's Counter-Statement: Not disputed.**

195.    Photograph "Biosphere 2," Image ID CSOH4913 has an alternate Image ID of
JS001571.  Rosenthal Decl. ¶¶ 60, Ex. FFF (SID at 7).

**Sohm's Counter-Statement: Not disputed.**

196.    Image ID of JS001571 has a creation date of June 15, 1994 and a publication date of
July 6, 1994.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 0000087).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Image ID JS001571 has a creation
date of June 15, 1994.  Sohm acknowledges that a report provided by Corbis (Exhibit E to the
Rosenthal Decl.) identifies a "Created Date" of June 15, 1994 and a "Published Date" of July 6,
1994.  The Created Date was assigned by Corbis and does not represent the actual date of creation
of Image ID JS001571.  Opp. Kerr Decl., ¶ 4 and Exhibit 3 thereto containing relevant excerpts of
the transcript of the deposition of Joseph Sohm, dated May 26, 2017.

197.    Image ID of JS001854 has a creation date of June 16, 1994 and a publication date of
June 28, 1994.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 0000075).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Image ID JS001854 has a creation

date of June 16, 1994.  Sohm acknowledges that a report provided by Corbis (Exhibit E to the Rosenthal Decl.) identifies a "Created Date" of June 16, 1994 and a "Published Date" of June 28, 1994.  The Created Date was assigned by Corbis and does not represent the actual date of creation of Image ID JS001854.  Opp. Kerr Decl., ¶ 4 and Exhibit 3 thereto containing relevant excerpts of the transcript of the deposition of Joseph Sohm, dated May 26, 2017.

198.    Photograph "Daniel Webster's birthplace JS005282," Image ID JYS1349C has an alternate Image ID of JS005282.  Rosenthal Decl. ¶ 60, Ex. FFF (SID at 30).

**Sohm's Counter-Statement: Not disputed.**

199.    Image ID of JS005282 has a creation date of July 13, 1994 and a publication date of July 5, 1994.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 0000205).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Image ID JS005282 has a creation date of July 13, 1994.  Sohm acknowledges that a report provided by Corbis (Exhibit E to the Rosenthal Decl.) identifies a "Created Date" of July 13, 1994 and a "Published Date" of July 5, 1994. The Created Date was assigned by Corbis and does not represent the actual date of creation of Image ID JS005282.  Opp. Kerr Decl., ¶ 4 and Exhibit 3 thereto containing relevant excerpts of the transcript of the deposition of Joseph Sohm, dated May 26, 2017.

*Copyright Registration VAu 390-162*

200.    Plaintiffs registered Copyright Registration No. VAu 390-162 as an unpublished group registration, dated January 6, 1997, creation date 1995.  Rosenthal Decl. ¶ 58, Ex. DDD (Sohm/VOA v. Scholastic 000454-55).

**Sohm's Counter-Statement: Not disputed.**

201.    VAu 390-162 does not indicate on the face of the registration that it was meant to cover a compilation.  Rosenthal Decl. ¶ 58, Ex. DDD (Sohm/VOA v. Scholastic 000454-55).

**Sohm's Counter-Statement: Not disputed.**

202.    Registration No. VAu 390-162 covers Photographs "Niagara Falls, New York: Aerial

view of the Horseshoe Falls," Image ID ESOH466200, which appears in Exhibit 5, Row 31 and

"creek, Mt. Washington," Image ID MSOH5581, which appears in Exhibit 5, Rows 6-7.  FAC, Ex.

5.

**Sohm's Counter-Statement: Not disputed.**

203.    Plaintiffs allege that Registration No. VAu 390-162 also covers Photographs

"Harbor of Annapolis-MD State House," Image ID 2Q2070, appearing in Exhibit 3, Row 1,

"Amtrak Conductor," 2L2539, appearing in Exhibit 3, Row 2, "Harbor of Annapolis-MD State

House," Image ID 2Q2037, appearing in Exhibit 3, Row 4, "Electric solar car," Image ID 2M3255,

appearing in Exhibit 3, Rows 7-8, "Veteran's Day," Image ID 2H3556, appearing in Exhibit 3, Rows

10-11, "Farmer using computer," Image ID JYS0194R, appearing in Exhibit 4, Row 2 and "truck

transport," Image ID CSOH5701, appearing in Exhibit 5, Rows 1-2.  Rosenthal Decl. ¶ 60, Ex. FFF

(SID at 1-3, 7 and 29).

**Sohm's Counter-Statement: Not disputed.**

204.    Plaintiffs allege that Scholastic licensed Image ID 2Q2070 on December 20, 1995

(Invoice No. 0071633), preceding the registration date.  FAC, Ex. 3.

**Sohm's Counter-Statement: Not disputed.**

205.    Plaintiffs allege that Scholastic licensed Image ID CSOH5701 on August 12, 1996

(Invoice No. 960624), preceding the registration date.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

206.    In a case against another publisher, titled Sohm v. McGraw-Hill Global Educ.

Holdings, LLC, 1:16-cv-4255 (S.D.N.Y.), Sohm alleges that McGraw-Hill licensed Image ID

JYS0194R on May 25, 1995 (Invoice Nos. 17722, 17723, 17724 and 17725), preceding the

registration date.    Rosenthal Decl. ¶ 59, Ex. EEE (McGraw-Hill Complaint, Ex. 6).

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VAu 684-449*

207.    Plaintiffs registered Copyright Registration No. VAu 684-449 as an unpublished group registration, dated October 31, 2005, creation date 2005.  Rosenthal Decl. ¶ 61, Ex. GGG (Sohm/VOA v. Scholastic 000460-61).

**Sohm's Counter-Statement: Not disputed.**

208.    Plaintiffs indicated that Registration No. VAu 684-449 covered "photographs". Rosenthal Decl. ¶ 61, Ex. GGG (Sohm/VOA v. Scholastic 000460-61).

**Sohm's Counter-Statement: Not disputed.**

209.    Plaintiffs did not fill out box 6 in Registration No. VAu 684-449 to indicate that the registration was for a compilation.  Rosenthal Decl. ¶ 61, Ex. GGG (Sohm/VOA v. Scholastic 000460-61).

**Sohm's Counter-Statement: Not disputed.**

210.    Registration No. VAu 684-449 covers Photograph "Wilmington DE Skyline," Image ID 2L2226, appearing in Exhibit 3, Row 15, "Wilmington DE Skyline," Image ID 2L2307, appearing in Exhibit 3, Rows 3 and 14, "Glen Canyon Dam, AZ," Image ID 3F7502, appearing in Exhibit 3, Row 5 and 13, "US Capitol, Cherry Blossoms," Image ID 3F7993, appearing in Exhibit 3, Row 9, "CO/Canon City, Royal Gorge Bridge," Image ID 3Q7548, appearing in Exhibit 3, Row 12, "train (steam engine)" (alternatively "Steam engine at station" and "Eureka Springs, Arkansas: Steam engine at station"), Image ID CSOH1586 (alternatively Image ID CSOH15860000), appearing in Exhibit 5, Rows 4, 14 and 37, "road to Chimayo/sunset," Image ID CSOH1859, appearing in Exhibit 5, Row 5, "Colorado and US flag," Image ID CSOH2430, appearing in Exhibit 5, Row 10, "Legislative hall," Image ID CSOH2433, appearing in Exhibit 5, Rows 12-13 (alternatively "Dover, Delaware State Capitol in historic district," Image ID CSOH2433000, appearing in Exhibit 5, Rows 35-36), "Peanuts," Image ID CSOH2856, appearing in Exhibit 5, Row 9, "Bay Bridge/SF skyline," Image ID CSOH4180, appearing in Exhibit 5, Row 8, "Firefighter and truck," Image ID CSOH5767, appearing in Exhibit 5, Rows 20-21, "Gospel choir," Image ID CSOH6305000,

appearing in Exhibit 5, Row 11, "Bicycle traffic, China," Image ID CSOH6446, appearing in Exhibit 5, Row 15, "Maine: State flag. 2002," Image ID CSOH7769000, appearing in Exhibit 5, Row 22, "Denver, Colorado, Skyline, State Capitol, Rocky Mountains, Morning Light on Mile High City," Image ID DSOH5462000, appearing in Exhibit 5, Row 26, "Illinois: Thatched hut, Indian Cahokia," Image ID ESOH0118870, appearing in Exhibit 5, Rows 29-30, "Atlanta Georgia: State Capital," Image ID ESOH0681400, appearing in Exhibit 5, Rows 32-33, "North Carolina: Brand new housing development near Charlotte," Image ID ESOH9906809, appearing in Exhibit 5, Row 34, "A sign that says 'Anchorage/Fairbanks,'" Image ID VOA15-364, Appearing In Exhibit 2, Row 1 and "Scioto River and Columbus Ohio skyline in autumn," Image ID VOA54-OH066_PA, appearing in Exhibit 2, Row 2.  FAC, Exs. 2-5.

**Sohm's Counter-Statement: Not disputed.**

211.    Plaintiffs plead that Scholastic licensed Image ID 2L2226 on September 21, 1997 (Invoice No. 0078849), preceding the registration.  FAC, Ex. 3.

**Sohm's Counter-Statement: Not disputed.**

212.    Plaintiffs plead that Scholastic licensed Image ID 2L2307 on September 21, 2004 (Invoice No. 00109868), preceding the registration.  FAC, Ex. 3.

**Sohm's Counter-Statement: Not disputed.**

213.    Plaintiffs plead that Scholastic licensed Image ID 3F7502 on June 22, 1999 (Invoice No. 0087204), preceding the registration.  FAC, Ex. 3.

**Sohm's Counter-Statement: Not disputed.**

214.    Plaintiffs plead that Scholastic licensed Image ID 3F7993 on March 21, 2002 (Invoice No. 00098996), preceding the registration.  FAC, Ex. 3.

**Sohm's Counter-Statement: Not disputed.**

215.    Plaintiffs plead that Scholastic licensed Image ID 3Q7548 on December 17, 2002 (Invoice No. 0102352), preceding the registration.  FAC, Ex. 3.

**Sohm's Counter-Statement: Not disputed.**

216.    Plaintiffs plead that Scholastic licensed Image ID CSOH1586 on January 20, 1999 (Invoice No. 990032), preceding the registration.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

217.    Plaintiffs plead that Scholastic licensed Image ID CSOH1859 on February 15, 1999 (Invoice No. 990133), preceding the registration.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

218.    Plaintiffs plead that Scholastic licensed Image ID CSOH4180 on February 28, 2001 (Invoice No. 2010123), preceding the registration.  FAC, Ex. 5.

219.    Plaintiffs plead that Scholastic licensed Image ID CSOH2856 on December 19, 2002 (Invoice No. 2021126), preceding the registration.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

220.    Plaintiffs plead that Scholastic licensed Image ID CSOH2430 on May 1, 2003 (Invoice No. 2021126), preceding the registration.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

221.    Plaintiffs plead that Scholastic Image ID CSOH6305000 on September 5, 2003 (Invoice No. 2021699), preceding the registration.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

222.    Image ID Image ID CSOH6305000 (appearing as CSOH6305), was licensed to Pearson Education, Inc. on November 19, 1998, preceding the date of registration.  Rosenthal Decl. ¶ 62, Ex. HHH (Sohm/VOA v. Scholastic 001249).

**Sohm's Counter-Statement: Not disputed.**

223.    Image ID Image ID CSOH6305000 (appearing as CSOH6305), was licensed to Pearson Education, Inc. on May 3, 2001, preceding the date of registration.  Rosenthal Decl. ¶ 63, Ex. III (Sohm/VOA v. Scholastic 001281).

**Sohm's Counter-Statement: Not disputed.**

224.    Image ID Image ID CSOH6305000 (appearing as CSOH6305), was licensed to

Pearson Education, Inc. on October 8, 2002, preceding the date of registration.  Rosenthal Decl. ¶

64, Ex. JJJ (Sohm/VOA v. Scholastic 001307).

**Sohm's Counter-Statement: Not disputed.**

225.    Plaintiffs plead that Scholastic licensed Image ID CSOH2433 on September 6, 2003

(Invoice No. 2021704), preceding the registration.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

226.    Plaintiffs plead that Scholastic licensed Image ID CSOH1586 on September 6, 2003

(Invoice No. 2021715), preceding the registration.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

227.    Plaintiffs plead that Scholastic licensed Image ID CSOH6446 on September 22, 2003

(Invoice No. 2022072), preceding the registration.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

228.    Plaintiffs plead that Scholastic licensed Image ID CSOH5767 on October 12, 2003

(Invoice No. 2022358), preceding the registration.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

229.    Plaintiffs plead that Scholastic licensed Image ID CSOH7769000 on July 12, 2005,

preceding the registration.  FAC, Ex. 5.

**Sohm's Counter-Statement: Not disputed.**

*Copyright Registration VA 1-074-964*

230.    Plaintiffs registered Copyright Registration No. VA 1-074-964 as a published group

registration, dated September 11, 2000, creation date 2000, publication date March 1, 2000.

Rosenthal Decl. ¶ 65, Ex. KKK (Sohm/VOA v. Scholastic 000425-25).

**Sohm's Counter-Statement: Not disputed.**

231.    The Registration indicates that the complete copyright application was received by the Copyright Office on April 2, 2001.  Rosenthal Decl. ¶ 65, Ex. KKK (Sohm/VOA v. Scholastic 000425-25).

**Sohm's Counter-Statement: Not disputed.**

232.    Plaintiffs allege that Registration No. VA 1-074-964 covers Photographs "13-Star American Flag/JS1000403," Image ID JS1000403, appearing in Exhibit 1, Row 26, "Presidential Seal of the United States/JS1000460," Image ID JS1000460, appearing in Exhibit 1, Row 29 and 55, "Victorian-Style Homes Overlooking the Beach/JS1000548," Image ID JS1000548, appearing in Exhibit 1, Row 35, "Original United States Constitution," Image ID JS1000417, appearing in Exhibit 1, Row 49, "This is the Golden Gate Bridge with Marin," Image ID VOA2-095_PA, appearing in Exhibit 2, Row 3, "Red barn in autumn, VT," Image ID 2L0464, appearing in Exhibit 3, Row 6, "Crown Point", Image ID BA0403, appearing in Exhibit 3, Row 16, "Front of a one dollar bill showing the portrait of George Washington in the center," Image ID ESOH46499, appearing in Exhibit 5, Row 17, "the golden scales of justice," Image ID ESOH46493, appearing in Exhibit 5, Rows 18-19 and "Preamble to the U.S. Constitution," Image ID ESOH046518, appearing in Exhibit 5, Rows 27-28.  FAC, Exs. 1, 3-5.

**Sohm's Counter-Statement: Not disputed.**

233.    Image ID JS1000403 has a creation date of August 28, 2000, after the publication date of the Registration.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000328).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Image ID JS1000403 has a creation date of August 28, 2000.  Sohm acknowledges that a report provided by Corbis (Exhibit E to the Rosenthal Decl.) identifies a "Created Date" of August 28, 2000.  The Created Date was assigned by Corbis and does not represent the actual date of creation of Image ID JS1000403.  Opp. Kerr Decl., ¶ 4 and Exhibit 3 thereto containing relevant excerpts of the transcript of the deposition of Joseph Sohm, dated May 26, 2017.

234.    Image ID JS1000460 has a creation date of August 28, 2000, after the publication date of the Registration.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000334).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Image ID JS1000460 has a creation date of August 28, 2000.  Sohm acknowledges that a report provided by Corbis (Exhibit E to the Rosenthal Decl.) identifies a "Created Date" of August 28, 2000.  The Created Date was assigned by Corbis and does not represent the actual date of creation of Image ID JS1000460.  Opp. Kerr Decl., ¶ 4 and Exhibit 3 thereto containing relevant excerpts of the transcript of the deposition of Joseph Sohm, dated May 26, 2017.

235.    Image ID JS1000548 has a creation date of August 28, 2000, after the publication date of the Registration.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000336).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Image ID JS1000548 has a creation date of August 28, 2000.  Sohm acknowledges that a report provided by Corbis (Exhibit E to the Rosenthal Decl.) identifies a "Created Date" of August 28, 2000.  The Created Date was assigned by Corbis and does not represent the actual date of creation of Image ID JS1000548.  Opp. Kerr Decl., ¶ 4 and Exhibit 3 thereto containing relevant excerpts of the transcript of the deposition of Joseph Sohm, dated May 26, 2017.

236.    Image ID JS1000417 has a creation date of August 28, 2000, after the publication date of the Registration.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000329).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Image ID JS1000417 has a creation date of August 28, 2000.  Sohm acknowledges that a report provided by Corbis (Exhibit E to the Rosenthal Decl.) identifies a "Created Date" of August 28, 2000.  The Created Date was assigned by Corbis and does not represent the actual date of creation of Image ID JS1000417.  Opp. Kerr Decl., ¶ 4 and Exhibit 3 thereto containing relevant excerpts of the transcript of the deposition of Joseph Sohm, dated May 26, 2017.

237.    Plaintiffs allege that Registration No. VA 1-074-964 also covers Photographs "Texas

State Flag/JS007332," Image ID JS007332, appearing in Exhibit 1, Row 36, "St. Louis Skyline,"

Image ID JS1000001, appearing in Exhibit 1, Row 2, "U.S. Capital," Image ID JS1000439, appearing

in Exhibit 1, Row 3, "U.S. Capitol/JS1000437," Image ID JS1000439, appearing in Exhibit 1, Row

27, "State Capitol Building in Carson City," Image ID JS1000483, appearing in Exhibit 1, Row 41,

"Shea Stadium," Image ID JYS2370C, appearing in Exhibit 4, Row 4 and "Niagara Falls, New York:

Aerial view of the Horseshoe Falls," Image ID ESOH0466200, appearing in Exhibit 5, Row 31.

Rosenthal Decl. ¶ 60, Ex. FFF (SID at 21, 23-25, 30).

**Sohm's Counter-Statement: Not disputed.**

238.    Image ID JS1000001 has a creation date of August 17, 2000, after the publication

date of the Registration.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000315).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Image ID JS1000001 has a creation

date of August 17, 2000.  Sohm acknowledges that a report provided by Corbis (Exhibit E to the

Rosenthal Decl.) identifies a "Created Date" of August 17, 2000.  The Created Date was assigned by

Corbis and does not represent the actual date of creation of Image ID JS1000001.  Opp. Kerr Decl.,

¶ 4 and Exhibit 3 thereto containing relevant excerpts of the transcript of the deposition of Joseph

Sohm, dated May 26, 2017.

239.    Image ID JS1000437 has a creation date of August 28, 2000, after the publication

date of the Registration.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000334).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Image ID JS1000437 has a creation

date of August 28, 2000.  Sohm acknowledges that a report provided by Corbis (Exhibit E to the

Rosenthal Decl.) identifies a "Created Date" of August 28, 2000.  The Created Date was assigned by

Corbis and does not represent the actual date of creation of Image ID JS1000437.  Opp. Kerr Decl.,

¶ 4 and Exhibit 3 thereto containing relevant excerpts of the transcript of the deposition of Joseph

Sohm, dated May 26, 2017.

240.    Image ID JS1000439 has a creation date of August 28, 2000, after the publication

date of the Registration.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000334).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Image ID JS1000439 has a creation date of August 28, 2000.  Sohm acknowledges that a report provided by Corbis (Exhibit E to the Rosenthal Decl.) identifies a "Created Date" of August 28, 2000.  The Created Date was assigned by Corbis and does not represent the actual date of creation of Image ID JS1000439.  Opp. Kerr Decl., ¶ 4 and Exhibit 3 thereto containing relevant excerpts of the transcript of the deposition of Joseph Sohm, dated May 26, 2017.

241.    Image ID JS1000483 has a creation date of August 28, 2000, after the publication date of the Registration.  Rosenthal Decl. ¶ 6, Ex. E (Sohm/VOA v. Scholastic 000335).

**Sohm's Counter-Statement: Disputed.**  Sohm **disputes** that Image ID JS1000483 has a creation date of August 28, 2000.  Sohm acknowledges that a report provided by Corbis (Exhibit E to the Rosenthal Decl.) identifies a "Created Date" of August 28, 2000.  The Created Date was assigned by Corbis and does not represent the actual date of creation of Image ID JS1000483.  Opp. Kerr Decl., ¶ 4 and Exhibit 3 thereto containing relevant excerpts of the transcript of the deposition of Joseph Sohm, dated May 26, 2017.


DATED:  August 11, 2017                     Respectfully submitted,

                                            Plaintiffs Joseph Sohm and Visions of America, LLC,
                                            by their attorneys,

                                            s/ *Christopher Seidman*
                                            Christopher Seidman (SBN 98884)
                                            Harmon Seidman Bruss & Kerr, LLC
                                            101 South Third Street, Suite 265
                                            Grand Junction, Colorado 81501
                                            (970) 245-9075
                                            chris@harmonseidman.com

                                            Maurice Harmon (admitted *pro hac vice*)
                                            Harmon Seidman Bruss & Kerr, LLC
                                            11 Chestnut Street
                                             New Hope, PA 18938

maurice@harmonseidman.com

### CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2017, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/ *Christopher Seidman*
Christopher Seidman