**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSEPH SOHM and VISIONS OF AMERICA, : Case No. 16-cv-7098 (JPC)
LLC :
: ECF Case
             Plaintiffs, :
: **PLAINTIFFS' RENEWED MOTION**
    -against- : **FOR PARTIAL SUMMARY**
: **JUDGMENT AND SUPPORTING**
SCHOLASTIC, INC., : **MEMORANDUM**
:
             Defendant. : **Oral Argument Requested**
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Christopher Seidman (SBN 98884)
Harmon Seidman & Bruss, LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
Tel: (970) 245-9075
E-mail: chris@harmonseidman.com

Amanda L. Bruss (admitted *pro hac vice*)
Harmon Seidman & Bruss, LLC
8728 East 54th Place
Denver, CO 80238
Tel: 415-271-5754
amanda@harmonseidman.com

*Attorneys for Plaintiffs Joseph Sohm and*
*Visions of America, LLC*

Pursuant to the Court's Order (Doc. 126), Plaintiffs Joseph Sohm and Visions of America, LLC (collectively, "Sohm") submit this Renewed Motion for Partial Summary Judgment and Memorandum of Law. Sohm seeks a judgment of liability against Defendant Scholastic, Inc. ("Scholastic") for the following five claims of copyright infringement alleged in Exhibit 1 to the First Amended Complaint ("FAC"):

| Row | Image | Image ID | Infringing Book | Licensed Qty. | Undisputed Print Qty. | Infringing Print Qty. |
|---|---|---|---|---|---|---|
| 26 | | JS1000403 | *The American Flag* | 25,000 | 30,408 | **5,408** |
| 27 | | S1000437 | *The American Flag* | 25,000 | 30,408 | **5,408** |
| 29 | | JS1000460 | *The Presidency* | 25,000 | 62,093 | **37,093** |
| 50 | | JS005158 | *Population 1.3 Billion* | 25,000 | 34,794 | **9,794** |
| 53 | | JS006304 | *The Slightly Odd United States of America* | 50,000 | 195,713 | **145,713** |

Pursuant to Local Rule 56.1, Sohm also submits a separate statement of undisputed material facts, with citations to the record and previously submitted evidence.

I.   **INTRODUCTION**

Sohm is a professional photographer who has been creating and licensing photographs for over thirty years.[1] This case arises out of Scholastic's infringing use of Sohm's photographs in its publications, in violation of his exclusive rights under 17 U.S.C. § 106. Through stock photography licensing agencies, including Corbis Corporation ("Corbis"), Sohm sold Scholastic limited licenses to use his photographs in various publications, based on Scholastic's representations as to how and in what quantities it would use those photographs. Once it obtained the photographs from Sohm – and from many other copyright owners and licensors – Scholastic went on to commit copyright infringement on a massive scale.

Here is how Scholastic's scheme worked: To gain access to high-resolution, publication-quality images, Scholastic contacted individual photographers and stock photo agencies, requesting limited licenses to copy and distribute their images in Scholastic products. Scholastic did not request unlimited-use licenses because, in the stock photography business, such licenses commanded much higher fees. The image suppliers priced their licenses according to the rights being granted, and Scholastic paid the license fees. Scholastic then exceeded the license terms by printing additional unlicensed copies of the photographs.

Sohm had no way of knowing the extent of Scholastic's actual use of his photographs ("Photographs"). He believed that Scholastic would use his work within the limits of the licenses Scholastic purchased. It did not. Instead, Scholastic systematically infringed Sohm's and others' copyrighted works and has now been sued for copyright infringement arising out of similar facts in at least 14 separate cases.[2]

---

[1] Separate Statement of Material Facts ("Facts") ¶ 1.
[2] Facts ¶ 15.

Here, there is no dispute that Scholastic made copies of the Photographs beyond the quantities it licensed. And as noted by the Second Circuit in this case, Scholastic's copying in excess of the licensed print run limits constitutes copyright infringement.[3] Accordingly, Sohm seeks summary judgment as to Scholastic's liability for copyright infringement for the claims identified in FAC Exhibit 1, Rows 26, 27, 29, 50 and 53.

## II.   SUMMARY JUDGMENT LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the Court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law."[4] A party is entitled to summary judgment if the admissible evidence shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[5] Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.[6] After the moving party meets his burden, it shifts to the party opposing summary judgment, which must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial."[7]

## III.   ARGUMENT

"To establish a claim for copyright infringement, a plaintiff bears the burden of proving both '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are

---

[3] Doc. 110 at pp. 12 – 19, published at *Sohm v. Scholastic Inc.,* 959 F.3d 39, 48 (2d Cir. 2020) ("We conclude that the language is clear on the face of the license agreements: the print-run limitations were conditions precedent, the violation of which gave rise to claims for copyright infringement. Sohm thus properly pleaded copyright infringement.").
[4] *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 250 (1986).
[5] Fed. R. Civ. P. 56.
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[7] Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248-49.

original."[8] "[I]f the licensee acts outside the scope of the license, the licensor may sue for copyright infringement."[9] Because no genuine issue of material fact exists regarding the validity of Sohm's copyrights or Scholastic's use of the Photographs beyond the terms of the limited licenses, Scholastic should be found liable for copyright infringement.

### A. Sohm owns valid copyrights in the Photographs.

Judge Oetken held – and the Second Circuit affirmed – that Sohm owns validly registered copyrights in the at issue Photographs.[10]

### B. Scholastic's printed more copies of the Photographs than it obtained licenses for.

That Scholastic obtained limited, one-time use licenses to reproduce Sohm's Photographs is not disputed. But "a copyright licensee can make himself a 'stranger' to the licensor by using the copyrighted material in a manner that exceeds either the duration or the scope of the license."[11] That is precisely what happened here. As previously determined by Second Circuit in this action, the Corbis Invoice and License Agreements ("Licenses") "specified the quantity and uses that were licensed."[12] There is no factual dispute regarding the number of copies Scholastic was authorized to make – these figures appear on the face of the Licenses.[13] There is also no dispute regarding the number of copies Scholastic actually made – Scholastic stipulated to these figures, which were obtained from its own

---

[8] *Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 351 (S.D.N.Y. 2003), quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 113 L. Ed. 2d 358, 111 S. Ct. 1282 (1991).
[9] *MDY Industries, LLC v. Blizzard Entertainment, Inc.*, 629 F.3d 928, 939 (9th Cir. 2010); *see also LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1156 (9th Cir. 2006) ("when a license is limited in scope, exploitation of the copyrighted work outside the specified limits constitutes infringement") (internal quotation marks omitted).
[10] Facts, ¶ 2.
[11] *Marshal v. New Kids On The Block P'ship*, 780 F. Supp. 1005, 1009 (S.D.N.Y. 1991); *see also* David Nimmer, 3 Nimmer on Copyright, § 1015[A] (2012).
[12] *Sohm v. Scholastic Inc.*, 959 F.3d 39, 46 (2d Cir. 2020).
[13] Facts ¶ 6.

business records.[14]  Scholastic's printing of more copies than were authorized by the Licenses constitutes copyright infringement.[15]  "[I]n most [copyright infringement] cases, direct evidence of copying is not available . . . ."[16]  Here, however, there is no dispute about which Photographs Scholastic used, or the extent of its use.

      **C.**      **Scholastic's affirmative defenses have been lost or abandoned.**

In its answer, Scholastic raised ten affirmative defenses.[17]  But these defenses were either not addressed in opposing Sohm's prior motion for summary judgment – and thus waived[18] – or were rejected by Judge Oetken and/or the Second Circuit.  Scholastic's affirmative defenses should be dealt with as follows:

---

[14] Facts ¶¶ 13 – 14.

[15] *See PaySys Int'l, Inc. v. Atos Se, Worldline SA, Atos IT Servs. Ltd.*, No. 14-CV-10105 (KBF), 2016 WL 7181950, at *7 (S.D.N.Y. Dec. 8, 2016) ("The Second Circuit has recognized that a licensor may recover against a licensee for copyright infringement where (1) the licensee's alleged infringement is outside the scope of the license) (citing *Graham v. James,* 144 F.3d 229, 236 (2d Cir. 1998); *MacLean Associates, Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 779 (3d Cir. 1991) ("Since a nonexclusive license does not transfer ownership of the copyright from the licensor to the licensee, the licensor can still bring suit for copyright infringement if the licensee's use goes beyond the scope of the nonexclusive license.") (citing *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d at 1156 ["A copyright holder may grant a limited license for use of copyrighted material, and if the scope of the license is exceeded, the owner of the copyright may sue for infringement."]); *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, 864 F.Supp.2d 316, 325 (E.D. Pa. 2012) (Gardner, J.) ("When a licensee exceeds the scope of a license granted by the copyright holder, the licensee is liable for infringement."); David Nimmer, 3 Nimmer on Copyright § 10.15[A] (2012) ("[W]hen a license is limited in scope, exploitation of the copyrighted work outside the specified limits constitutes infringement.").

[16] *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

[17] *See* Doc. 40: (1) failure to state a claim; (2) statute of limitations; (3) license; (4) improper pleading – claims sound in contract, not copyright; (5) revision privilege; (6) invalid registration; (7) standing; (8) good faith; (9) no damages; and (10) audit.

[18] *City of N.Y. v. Blue Rage, Inc.*, 435 F. Supp. 3d 472, 493 (E.D.N.Y. 2020), quoting *Jackson v. Fed. Express.*, 766 F.3d 189, 198 (2d Cir. 2014) ("In this Circuit, 'in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition [to summary judgment] that relevant claims or defenses that are not defended have been abandoned.'").

1. <u>Failure to State a Claim</u>

The Second Circuit implicitly rejected this defense, holding, "Sohm properly pleaded claims of copyright infringement."[19]

2. <u>Statute of Limitations</u>

Judge Oekten determined that Sohm's claims are not barred by the statute of limitations as a matter of law.[20]

3. <u>License</u>

As discussed above, Scholastic's documents show that it did, in fact, exceed the scope of the licenses at issue.

4. <u>Plaintiffs' claims arise under contract law, not copyright law.  Moreover, any such claims may be barred by applicable statute of limitations for contract claims.</u>

This defense is duplicative of the first two addressed above, and has been rejected by the Second Circuit.[21]

5. <u>Revision Privilege</u>

Scholastic did not raise or present any evidence of the applicability of any "revision privilege" in responding to Sohm's previous motion for summary judgment.  It has therefore waived this defense.[22]

---

[19] 959 F.3d 39, 46 (2d Cir. 2020).

[20] Doc. 94 at p. 23 ("Scholastic has failed to meet its evidentiary burden to survive summary judgment on this affirmative defense.").

[21] *See* Doc. 110 at p. 15 ("Sohm properly pleaded claims of copyright infringement.").

[22] *See E. Sav. Bank, FSB v. Aufiero,* No. 14-CV-0256 (JFB)(AYS), 2016 U.S. Dist. LEXIS 32470, at *13 n.4 (E.D.N.Y. Mar. 14, 2016) ("Defendant appears to have abandoned the affirmative defenses raised in his answer . . . by not raising them in his opposition to plaintiff's motion for summary judgment.").

6. Invalid Registration

Judge Oetken rejected Scholastic's claims that the registrations at issue were invalid,[23] and the Second Circuit affirmed.[24]

7. Lack of Standing Based on Failure to Register

This is duplicative of the sixth affirmative defense, above, and has likewise been rejected.

8. Good Faith

Scholastic next contends that Plaintiffs' claims are barred "because Scholastic did not willfully infringe any intellectual property or other rights owned by Plaintiffs," and "has acted in good faith . . ."[25] But intent is not an element of a claim of copyright infringement. Thus, Scholastic's alleged "good faith" has no bearing on whether it is liable for its misconduct. Finally, to the extent Sohm intends to prove at trial that Scholastic's infringements were willful, he need only show "that [Scholastic]'s actions were the result of 'reckless disregard' for, or 'willful blindness' to, [Sohm]'s rights."[26]

9. Plaintiffs Have Sustained no Injury or Damage

Scholastic did not address this alleged defense in opposing Sohm's prior motion, and has therefore waived it. Moreover, copyright infringement is a strict liability tort – no actual damages need

---

[23] Doc. 94 at pp. 6 – 17.
[24] Doc. 110 at pp. 31 – 33.
[25] Answer (Doc. 40).
[26] *Island Software & Comput. Serv. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005), citing *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003); *Lipton v. Nature Co.*, 71 F.3d 464, 472 (2d Cir. 1995); *N.A.S. Import Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992); *see also Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2d Cir. 2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement.") (citation and internal quotation marks omitted).

be proven.[27]

10. <u>Plaintiffs Lack an Audit Right under the Copyright Act.</u>

Scholastic's 'audit' argument isn't really an affirmative defense. And Sohm did not seek disclosure of Scholastic's usage data in this action pursuant to the Copyright Act. Rather, he served discovery requests consistent with the federal rules of civil procedure. That discovery revealed that Scholastic regularly and repeatedly violated Sohm's copyrights.

## V.   CONCLUSION

Sohm has already been determined to be the legal copyright owner of the Photographs at issue. And the undisputed facts show Scholastic used the Photographs beyond the scope of the limited licenses it requested and paid for, thereby infringing Sohm's copyrights. Sohm respectfully requests the Court enter judgment of liability for copyright infringement against Scholastic on Count I of the FAC as to infringements alleged in FAC Exhibit 1, Rows 26, 27, 29, 50 and 53.

DATED:  January 28, 2021

Plaintiffs Joseph Sohm and Visions of America, LLC, by their attorneys,

s/ *Amanda L. Bruss*
Amanda L. Bruss (admitted pro hac vice)
Harmon, Seidman & Bruss, LLC
8728 East 54th Place
Denver, CO 80238
415-271-5754
amanda@harmonseidman.com

---

[27] Copyright infringement is a strict liability tort. *See Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 299 (3d Cir. 1991), *cert. denied*, 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991) (intentions of defendant irrelevant as it "is settled law that innocent intent is generally not a defense to copyright infringement."); *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 616 F.Supp.2d 958, 971-72 (D. Ariz. 2009) (Campbell, J.) ("Generally, liability for copyright infringement does not require knowledge of wrongdoing on the part of the infringer. The Copyright Act permits an award of damages even where "the infringer was not aware and had no reason to believe that his or her acts constituted infringement of copyright[.]") (*quoting* 17 U.S.C. § 504(c)(2)).

Christopher Seidman (SBN 98884)
Harmon, Seidman & Bruss, LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
(970) 245-9075
chris@harmonseidman.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2021, I caused a true and correct copy of the foregoing pleading to be filed via the cm/ecf system, which will serve a notice of electronic filing to all counsel of record.

*s/ Amanda L. Bruss*
Amanda L. Bruss