UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
JOSEPH SOHM and VISIONS OF AMERICA, :
LLC, :
 :
 Plaintiffs, :
 : Case No. 16 Civ. 7098 (JPC)
 v. :
 :
SCHOLASTIC, INC., :
 :
 Defendant. :
 :
------------------------------------- X

Pursuant to Local Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Defendant Scholastic Inc. ("Scholastic"), by undersigned counsel, submits the following counter-statement in response to Plaintiffs Joseph Sohm and Visions of America, LLC's (together, "Plaintiffs") Statement of Undisputed Material Facts.

1. Joseph Sohm ("Sohm") is a professional photographer who has been creating and licensing photographs for over thirty years. Declaration of Joseph Sohm (Doc. 68, "Sohm Decl.") ¶ 1; Defendants' Counterstatement in Response to Plaintiffs' Statement of Undisputed Material Facts and Statement of Additional Facts (Doc. 80, "Scholastic Counterstatement") ¶ 1.

**Scholastic Counter-Statement:** Not disputed but not material.

2. Sohm is the author and copyright owner of the following photographs (hereafter, "Photographs") identified in the Revised Claims Summary attached as Exhibit A. Sohm Decl. ¶ 3; Opinion and Order on Cross Motions for Summary Judgment (Doc. 94) ("MSJ Order") at pp. 1, 11; Second Circuit Order (Doc. 110) at pp. 31 – 33.

**Scholastic Counter-Statement:** **Scholastic acknowledges the decisions of this Court on the prior motions for summary judgment (Dkt No. 94) and the Second Circuit on appeal (Dkt No. 110) finding that Plaintiffs' copyright registrations were valid. In light of these**

**decisions, Scholastic does not dispute this finding, but preserves its defenses summarized in Scholastic's accompanying opposition to Plaintiffs' renewed motion for summary judgment solely for the purpose of any further appeals in this action.**

3. Sohm acted through two entities he created and solely owned to represent his photographs, Chromosohm Media, Inc. ("Chromosohm") and later VOA ("VOA"). Sohm Decl. ¶¶ 2, 23; Scholastic Counterstatement (Doc. 80) ¶ 7 ("Undisputed)").

**Scholastic Counter-Statement:** Not disputed but not material.

4. Acting through Chromosohm, on or around April 19, 1994, Sohm entered into an agreement with Continuum Productions Corporation, a predecessor in interest of Corbis Corporation ("Corbis"). The representation agreement, which was renewed in 2001, 2006 and 2011, authorized Corbis to issue limited licenses to third parties for the use of Sohm's photographs in exchange for a percentage of the license fee charged. Sohm Decl. ¶¶ 24-26 and Exhibits 4-5 thereto; MSJ Order (Doc. 94) pp. 1 – 2; Scholastic Counterstatement (Doc. 80) ¶ 9 ("Undisputed.").

**Scholastic Counter-Statement:** Not disputed.

5. Corbis issued limited licenses Scholastic for use of Sohm's photographs. Scholastic Counterstatement (Doc. 80) ¶ 11 ("Undisputed."); MSJ Order at p. 2.

**Scholastic Counter-Statement:** Not disputed.

6. Between 2006 and 2009, Corbis sold Scholastic limited licenses to use copies of Sohm's photographs in numerous educational publications ("Corbis Licenses"). The Corbis Licenses are identified by the following numbers: 7063891, 7063915, 8078698, and 1000029727. Declaration of Alex Kerr ("Kerr Decl.") (Doc. 69) ¶¶ 18-19 and Exhibit 13 thereto; Scholastic Counterstatement (Doc. 80) ¶ 12 ("Undisputed.").

**Scholastic Counter-Statement:  Not disputed.**

7. The Corbis Licenses granted to Scholastic contained express limitations as to number of copies to be made of Sohm's photographs subject to this motion. Second Circuit Order (Doc. 110) pp. 15 – 19; Kerr Decl. ¶ 19 and Exhibit 13 thereto.

**Scholastic Counter-Statement:  Scholastic does not dispute that the invoices issued in connection with the Corbis Licenses included the number of copies that Scholastic anticipated making of the photographs being licensed, but disputes that this number reflects a limitation on Scholastic's right to use the photographs.  Scholastic acknowledges the decisions of this Court on the prior motions for summary judgment (Dkt No. 94) and the Second Circuit on appeal (Dkt No. 110) finding that these were print-run limitations and that Plaintiffs' claims sounded in copyright rather than breach of Scholastic's contractual obligation to pay an additional amount for uses beyond the number of copies shown on the invoices.  In light of these decisions, Scholastic does not dispute this finding, but preserves its defenses summarized in Scholastic's accompanying opposition to Plaintiffs' renewed motion for summary judgment solely for the purpose of any further appeals in this action.**

8. Scholastic has not, to this day, paid Sohm or the Licensors for the unauthorized use of the Photographs described in the Claims Summary. Sohm Decl. (Doc. 68) ¶ 31.

**Scholastic Counter-Statement:  Disputed.  Plaintiff cites no admissible evidence to support this statement, in violation of Local Civil Rule 56.1(d) and Fed. R. Civ. P. 56(c). Paragraph 31 of the cited declaration does not speak to the experience of the Licensors.**

9. Scholastic knew that the licenses it entered into for uses of content owned by third parties were limited, and that if Scholastic wanted to make additional uses beyond the scope of

any license, Scholastic needed to obtain permission and pay for such uses before it made them. *See* Kerr Decl. (Doc. 69), ¶¶ 31-32 and Exhibits 18-19 thereto (excerpts of relevant deposition testimony provided by Jessica Moon, Scholastic's Director of Visual Content Strategy and Compliance, on behalf of Scholastic, Inc. pursuant to Fed. R. Civ. Pro. 30(b)(6) in this case (Exhibit 18, "May Moon Dep.") and in a parallel case *Keller v. Scholastic, Inc.,* No. 16-cv-01829-WB (E.D. Pa.) (Exhibit 19, "April Moon Dep.")).

**Scholastic Counter-Statement:  Disputed.  While the invoices at issue contained certain terms, including a print run, because licensing occurs early in the process, these numbers are sometimes estimates.  Dkt No. 80 at 12 ¶ 28.  Neither side treated these estimates as a condition to the contractual arrangement (*id.* ¶¶ 30-31), and the Preferred Vendor Agreements between the parties (the "PVAs") provided a built in contractual solution to the issue.  *Id.* ¶ 30.  Where the estimated terms in the license were not sufficient to meet the publication, the parties would look to the PVA and pay the appropriate increased fee.  *Id.***

10. Scholastic employee Jessica Moon (testifying on behalf of Scholastic pursuant to Rule 30(b)(6) in a parallel litigation) stated,

> A. Scholastic believes strongly in intellectual property and respecting the rights of others. We have an intellectual ·property compliance policy, and that – I ·might summarize to say it's in our daily application to license every image, license every font, license every video clip So that's sort of the guiding principle. Our team, we're responsible, as a partner with the team creating the books and magazines, to make sure that everything does get licensed.
>
> Q. And get licensed before uses are made?

      A.    Yes.

Kerr Decl. (Doc. 69) ¶ 32 and Exhibit 19 thereto.

**Scholastic Counter-Statement:** **Scholastic does not dispute that Ms. Moon so testified.**

11. Scholastic's written Code of Ethics states: "Intellectual property rights are among Scholastic's most valuable assets. Scholastic also believes in respecting the intellectual property rights of others." Kerr ¶ 33 and Exhibit 20 thereto.

**Scholastic Counter-Statement:** **Not disputed. Scholastic refers to its Code of Ethics for a true and complete recitation of its contents.**

12. The publications at issue contain the Photographs as identified in the Claims Summary (Exhibit A). Doc. 80 at ¶ 24 ("Undisputed.").

**Scholastic Counter-Statement:** **Not disputed.**

13. Scholastic admitted it printed the publications at issue containing the Photographs in quantities that are reflected in red type on the Claims Summary. Doc. 80 at ¶ 24 ("Undisputed."). Kerr Decl. (Doc. 69) ¶¶ 2-5 and Exhibit 1 thereto.

**Scholastic Counter-Statement:** **Not disputed.**

14. Scholastic printed the Photographs in quantities that exceed the print run limits in the Licenses. Kerr Decl. (Doc. 69) ¶¶ 2-5 and Exhibit 1 thereto.

**Scholastic Counter-Statement:** **Scholastic does not dispute that it printed the Photographs in the quantities indicated in Exhibit 1 to Dkt No. 69, but disputes that the print quantities included on invoices reflects a limitation on Scholastic's right to use the photographs. Scholastic acknowledges the decisions of this Court on the prior motions for summary judgment (Dkt No. 94) and the Second Circuit on appeal (Dkt No. 110) finding**

**that these were print-run limitations and that Plaintiffs' claims sounded in copyright rather than breach of Scholastic's contractual obligation to pay an additional amount for uses beyond the number of copies shown on the invoices. In light of these decisions, Scholastic does not dispute this finding, but preserves its defenses summarized in Scholastic's accompanying opposition to Plaintiffs' renewed motion for summary judgment solely for the purpose of any further appeals in this action.**

15. Since 2011, Scholastic (or its parent, Scholastic Corporation) has been sued for copyright infringement in furtherance of its use-without-license practices in the following actions:

   a. *Frans Lanting, Inc. v. Scholastic Inc.,* No. 15-cv-05671 (C.A.N.D.);

   b. *Krist v. Scholastic, Inc.,* No. 16-cv-06251 (E.D. Pa.);

   c. *Jose Luis Pelaez, Inc. v. Scholastic, Inc.,* No. 16-cv-02791 (S.D.N.Y.);

   d. *David Young-Wolff, The Estate of Michael Newman, Laura Dwight, Ed Bock, and Lief Skoogfors v. Scholastic Corporation*, No. 14-cv-05089 (S.D.N.Y.);

   e. *Keller v. Scholastic, Inc.,* No. 16-cv-01829 (E.D. Pa);

   f. *Menzel v. Scholastic, Inc.,* No. 17-cv-05499-EMC (N.D.Cal.);

   g. *Palmer Kane LLC. v. Scholastic Corporation*, No. 11-cv-07456 (S.D.N.Y.);

   h. *Palmer/Kane LLC v. Scholastic Corporation and Scholastic, Inc.,* No. 14-cv-07805 (S.D.N.Y.);

   i. *Steinmetz v. Scholastic, Inc.,* No. 16-cv-03583 (D.N.J.);

   j. *Kashi v. Scholastic, Inc.,* No. 17-cv-01994 (E.D. Pa.);

   k. *Harrington v. Scholastic, Inc.,* No. 1:17-cv-03165-NYW (D. Colo.);

   l. *Lewine v. Scholastic Corporation*, No. 15-cv-05731 (S.D.N.Y.);

   m. *Bob Daemmrich Photography, Inc. v. Scholastic Inc.,* No. 15-cv-01150 (W.D. Tex.);

   n. *Yamashita v. Scholastic, Inc.,* No. 16-cv-09201 (S.D.N.Y.).

**Scholastic Counter-Statement:** Scholastic does not dispute that the above-named actions have been filed in the above actions and refers to the dockets of these actions for a complete recitation of their contents. Scholastic disputes Plaintiffs' characterization of these actions, which is not supported by the evidence cited.

Dated: New York, New York
February 11, 2021

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: /s/ Edward H. Rosenthal
Edward H. Rosenthal
Nicole Bergstrom
28 Liberty Street, 35th Floor
New York, New York 10005
Phone: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
nbergstrom@fkks.com

*Attorneys for Defendant Scholastic Inc.*