UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                 :
JOSEPH SOHM and VISIONS OF AMERICA, LLC,  :
                                                 :
                      Plaintiffs,                     :
                                                 :                16 Civ. 7098 (JPC)
                -v-                              :
                                                 :                <u>OPINION AND ORDER</u>
SCHOLASTIC INC.,                                   :
                                                 :
                    Defendant.                   :
                                                 :
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Joseph Sohm, a professional photographer, has licensed his photographs for decades.  In May 2016, Sohm and his company Visions of America LLC ("VOA") commenced this litigation against Scholastic, Inc., alleging copyright infringement in connection with Scholastic's alleged unauthorized use of many of Sohm's photographs.  On March 28, 2018, the Honorable J. Paul Oetken, to whom this case was previously assigned, granted partial summary judgment in favor of Plaintiffs on certain claims and in favor of Sohm on others.  *Sohm v. Scholastic Inc.*, No. 16 Civ. 7098 (JPO), 2018 WL 1605214 (S.D.N.Y. Mar. 29, 2018).  Following remand from the Second Circuit, *Sohm v. Scholastic, Inc.*, 959 F.3d 39 (2d Cir. 2020), Plaintiffs have now moved for partial summary judgment as to Scholastic's liability with respect to five photographs.  *See* Dkt. 41 ("Am. Compl."), Exh. 1, Rows 26-27, 29, 50, 53 (the "Photographs").  For reasons that follow, the Court grants Plaintiffs' motion.

## I. Background[1]

### A. Scholastic's Alleged Infringing Conduct as to the Photographs

The Court assumes the parties' familiarity with the facts of this case, which are set out in *Sohm*, 2018 WL 1605214, at *1-2, and *Sohm*, 959 F.3d at 42, and only briefly summarizes the facts as relevant to Plaintiffs' motion.

Sohm and VOA contracted with stock photography agencies, authorizing those agencies to grant third-party licenses for the use of Sohm's copyrighted photographs. *See Sohm*, 959 F.3d at 42. One of those agencies was Continuum Productions Corporation, a predecessor in interest to Corbis Corporation ("Corbis"). Pls. 56.1 Stmt. ¶ 4. In April 1994, Sohm, acting through a predecessor to VOA, entered into a representation agreement with Corbis, which was later renewed in 2001, 2006, and 2011. *Id*. That agreement authorized Corbis to issue limited licenses to third parties for the use of Sohm's photographs, in exchange for Corbis receiving a percentage of the license fee. *Id*. Pursuant to this representation agreement, between 2006 and 2009, Corbis issued limited licenses for the use of Sohm's photographs to Scholastic, the world's largest publisher and distributor of children's books, Dkt. 31 ¶ 3, including limited licenses for the Photographs. Pls. 56.1 Stmt. ¶¶ 5-6.

---

[1] The following facts are drawn from Judge Oetken's summary judgment opinion, *see Sohm*, 2018 WL 1605214, at *1-2, the Second Circuit's decision on appeal, *see Sohm*, 959 F.3d at 42, and the parties' statements of material facts pursuant to Local Civil Rule 56.1 in connection with Plaintiffs' instant motion for partial summary judgment, *see* Dkt. 128 ("Pls. 56.1 Stmt."); Dkt. 130 ("Def. Counter 56.1 Stmt."). Unless otherwise noted, the Court cites to only one party's Rule 56.1 or Counter Rule 56.1 Statement where the parties do not dispute the fact, the adverse party has offered no admissible evidence to refute that fact, or the adverse party simply seeks to add its own "spin" on the fact or otherwise dispute the inferences from the stated fact. Scholastic does not dispute various statements in Plaintiff's Rule 56.1 Statement in light of the prior decisions in this case, "but preserves its defenses summarized in Scholastic's accompanying opposition to Plaintiffs' renewed motion for summary judgment solely for the purpose of any further appeals in this action." Def. Counter 56.1 Stmt. ¶¶ 2, 7, 14.

These licenses limited the number of copies of the Photographs that Scholastic was authorized to make. *Id.* ¶ 7.[2] Scholastic, however, printed publications containing the Photographs in quantities that exceeded the quantity restrictions in the licenses. *Id.* ¶¶ 13-14, Exh. A. Specifically, for the five Photographs, Scholastic printed books that exceeded the license limitations in the following manner:

- For the photographs with Registration Number VA 1-074-964 and Registration Number VA 1-113-639, Corbis issued Scholastic a license (License Number 7063891) in the quantity of 25,000 copies of each photograph. Scholastic's book, *The American Flag*, contained both photographs, yet had a print quantity of 30,408, resulting in an infringing print quantity of 5,408 for each photograph. *Id.*, Exh. A.

- For the photograph with Registration Number VA 1-074-964, Corbis issued Scholastic a license (License Number 7063915) in the quantity of 25,000 copies of the photograph. Scholastic's book, *The Presidency*, contained this photograph, yet had a print quantity of 62,093, resulting in an infringing print quantity of 37,093. *Id.*, Exh. A.

- For the photograph with Registration Number VA 863-783, Corbis issued Scholastic a license (License Number 8078698) in the quantity of 25,000 copies of the photograph. Scholastic's book, *Population 1.3 Billion*, contained this photograph, yet had a print quantity of 34,794, resulting in an infringing print quantity of 9,794. *Id.*, Exh. A.

- For the photograph with Registration Number VA 863-785, Corbis issued Scholastic a license (License Number 1000029727) in the quantity of 50,000 copies of the photograph.

---

[2] As previewed in the preceding footnote, Scholastic acknowledges the Second Circuit decision on this issue, but preserves its objection. In particular, while Scholastic concedes that the invoices issued in connection with the Corbis licenses for the Photographs included the number of copies that Scholastic anticipated making, Scholastic contends that those numbers did not reflect a limitation of Scholastic's use of the Photographs. Def. Counter 56.1 Stmt. ¶ 7; *see also id.* ¶ 14.

Scholastic's book, *The American Flag*, contained this photograph, yet had a print quantity of 195,713, resulting in an infringing print quantity of 145,713. *Id.*, Exh. A.

**B.     Procedural History**

In an Amended Complaint filed on October 25, 2016, Plaintiffs pleaded a count of copyright infringement against Scholastic, in violation of 17 U.S.C. §§ 501 *et seq.*, alleging 117 infringing uses of 89 photographs. Am. Compl. ¶¶ 17-19, Exh. 1. In June and July 2017, after the close of discovery, the parties each moved for partial summary judgment. *See* Dkts. 66-69, 73-80.

   **1.   Judge Oetken's Summary Judgment Opinion**

Judge Oetken granted each side partial summary judgment with respect to certain disputed photographs. First, Judge Oetken addressed Scholastic's challenge to the validity of some of Plaintiffs' copyright registrations. *Sohm*, 2018 WL 1605214, at *3-6. Judge Oetken found that, under the plain language of 17 U.S.C. § 409(2), Corbis validly used group registrations. *Id.* at *4. Judge Oetken also rejected Scholastic's challenge to four registrations for inaccurately representing that certain published photographs were "unpublished," explaining that Scholastic failed to show an absence of a genuine factual dispute as to Sohm's knowledge of those inaccuracies. *Id.* at *6-7; *see* 7 U.S.C. § 411(b)(1)(A). Judge Oetken then denied summary judgment on Scholastic's argument that the registration of eight photographs was flawed because the photographs were created after the registration's first publication date, finding a genuine factual dispute as to these photographs' creation dates. *Sohm*, 2018 WL 1605214, at *7-9.

Judge Oetken next addressed Scholastic's argument for summary judgment on the grounds that no "unauthorized copying" occurred. *Id.* at *8-9. Judge Oetken granted summary judgment in favor of Scholastic for twelve uses involving ten photographs where the undisputed facts confirm that Scholastic did not exceed its print limitation under the relevant licenses. *Id.* at *8.

Judge Oetken also dismissed claims as to seven uses where Plaintiffs "ha[d] not come forth with any evidence that a use occurred at all," and as to another thirty-six uses where Plaintiffs did not present sufficient evidence of infringement. *Id.* at *9.

Judge Oetken then turned to Plaintiffs' motion for partial summary judgment as to thirteen uses where Scholastic "exceeded the print runs in the relevant invoices and licenses." *Id.* at *10. After rejecting certain arguments raised by Scholastic, including that some claims were barred by the statute of limitations and that damages should be limited to the three years prior to commencement of this action, Judge Oetken addressed whether Scholastic's overuse of the Photographs it licensed from Corbis could generate copyright claims. *See Sohm*, 2018 WL 1605214, at *12-14. Breaches of publication limits in licenses only give rise to copyright claims if the limits are conditions precedent. *Id.* at *12. If the limits are instead covenants, a plaintiff has a potential contract claim, but not a copyright claim. *See id.* Applying New York law, Judge Oetken concluded that the print run limitations in Corbis's vendor agreements with Scholastic "are best characterized as covenants, rather than conditions," because "Scholastic's license was conditional on full payment *as invoiced*" and Plaintiffs did not allege that Scholastic failed to pay as invoiced. *Id.* at *13. Judge Oetken thus concluded that any claims must sound in contract (which was not pleaded), rather than copyright, and granted summary judgment against Plaintiffs' copyright claims. *Id.* at *14. Judge Oetken, however, found that the problem did not afflict Plaintiffs' claims based on Scholastic's licenses with two other agencies and granted Plaintiffs summary judgment on those claims. *Id*.

Thus, Judge Oetken granted Plaintiff summary judgment as to the claims corresponding to Rows 8, 9, and 13-16 of Docket Number 69-1, and granted Scholastic summary judgment as to claims corresponding to Rows 1-67, 72-84, 97, 105, and 109-114 of Docket Number 74-1.

5

### 2. The Second Circuit's Decision

Plaintiffs appealed Judge Oetken's March 29, 2018 Order and Scholastic filed a cross-appeal. The Second Circuit reversed in part, affirmed in part, and remanded to this Court for further proceedings.

Most relevant for the instant motion is the Second Circuit's holding as to whether Plaintiffs' claims with respect to the Photographs sound in contract or in copyright. *See Sohm*, 959 F.3d at 45-48. The Second Circuit departed from Judge Oetken's analysis by holding that the quantity limits in Scholastic's licenses from Corbis were conditions precedent rather than covenants. *Id.* Focusing on language in the Terms and Conditions incorporated in the relevant agreements, the Second Circuit explained that "[t]hese license agreements granting Scholastic the right to copy Sohm's photos contain unmistakable language of conditions precedent, and therefore Sohm properly pleaded claims of copyright infringement." *Id.* at 46. The Second Circuit therefore reversed the grant of partial summary judgment on this basis. *Id.* at 48, 54.

The Second Circuit also affirmed Judge Oetken's application of the elements of a copyright claim and allocation of the burdens of proof, *id.* at 48-49, and concluded that Plaintiffs offered sufficient proof of infringement to survive summary judgment as to a particular photograph of a steam engine, *id.* at 49. With respect to Scholastic's cross-appeal, the Second Circuit held that that the "discovery rule" rather than the "injury rule" applied for assessing when Plaintiffs' infringement claims accrued for statute of limitations purposes, *id.* at 49-51, that Plaintiffs' damages are limited to the three years prior to the commencement of this action, *id.* at 51-52, and that Corbis validly registered each of the photographs in its group registrations, *id.* at 52-53.

### 3. Plaintiffs' Instant Motion for Partial Summary Judgment

On October 20, 2020, following remand from the Second Circuit, this case was reassigned to the undersigned. *See* Dkt. 114. Plaintiffs have now moved for partial summary judgment, seeking a judgment of liability against Scholastic for Plaintiffs' claims of copyright infringement with respect to the Photographs. Dkts. 127 ("Motion"), 128; *see* Am. Compl., Exh. A, Rows 26-27, 29, 50, 53. Scholastic concedes that, under the Second Circuit's decision, Plaintiffs are entitled to summary judgment on Scholastic's liability as to the Photographs. *See* Dkt. 129 ("Response") at 1 ("Given the decisions issued in this case by this Court on the prior motion for summary judgment . . . and the Second Circuit on appeal of the prior summary judgment order . . . , Scholastic does not dispute Plaintiffs' request for a finding of liability as to the five claims at issue . . . .").[3]

## II. Discussion

To prove copyright infringement, Plaintiffs must show "ownership of a valid copyright" and "unauthorized copying of the copyrighted work." *Sohm*, 959 F.3d at 48 (quoting *Jorgenson v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003)). Where, as here, a plaintiff admits the existence of a license, a plaintiff also must prove that the defendant's use exceeded that license. *See Sohm*, 959 F.3d at 48-49.

There is no dispute that Corbis validly registered Sohm's copyrights in the Photographs and that Corbis sold Scholastic limited licenses to use the Photographs. Pls. 56.1 Stmt. ¶¶ 2, 6-7; *see Sohm*, 959 F.3d at 52-53. Nor is there a dispute that Scholastic printed more quantities of its books containing the Photographs than those limited licenses allowed. Pls. 56.1 Stmt. ¶¶ 13-14,

---

[3] Scholastic explains that it filed its brief "in an abundance of caution and in order to preserve its defenses for any further appeal of this action." Response at 1.

Exh. 1.  As Judge Oetken concluded with respect to other photographs at issue in this litigation, exceeding such print run limitations constitutes unauthorized copying.  *See Sohm*, 2018 WL 1605214, at *14 (citing *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 288 (S.D.N.Y. 2014)).  Plaintiffs thus seek partial summary judgment on Scholastic's copyright infringement liability as to these Photographs, citing the absence of any "genuine issue of material fact . . . regarding the validity of Sohm's copyrights or Scholastic's use of the Photographs beyond the terms of the limited licenses."  Motion at 4.

In response to Plaintiffs' motion, Scholastic asserts three defenses.  First, it argues that Sohm has only a contract claim, not a copyright claim, but "acknowledges that the Second Circuit disagreed with its position on this issue."  Response at 1-3 (citing *Sohm*, 959 F.3d at 45-48).  Second, Scholastic argues that Plaintiffs' claims are barred by the statute of limitations for copyright actions because the "injury rule," not the "discovery rule," should apply, but acknowledges that the Second Circuit continues to apply the "discovery rule."  *Id.* at 3-4 (citing *Sohm*, 959 F.3d at 50, 51).  And third, Scholastic claims that the copyright registrations for the Photographs are not valid because they were part of Corbis's group registrations, citing district court decisions that predated the Second Circuit's decision in this case.  *Id.* at 4-5 (citing *Sohm*, 959 F.3d at 52-53).  Here too, Scholastic acknowledges that the Second Circuit has ruled otherwise on appeal but raises the argument to preserve its right to further appeal.  *Id.* at 5.

This Court is of course bound to follow the holdings of the Second Circuit and does so here on remand.  *See Standard Inv. Chartered v. Fin. Regul. Auth.*, 684 F. Supp. 2d 407, 408 (S.D.N.Y. 2010) (describing the doctrine of "vertical precedent").  Further, "[t]he law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate

otherwise.'" *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). The Court therefore grants Plaintiffs' motion for summary judgment and holds that Scholastic is liable for copyright infringement as to the Photographs.

### III. Conclusion

Accordingly, the Court grants Plaintiffs partial summary judgment with respect to Scholastic's liability as to the Photographs. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 127.

The parties are further ordered to appear at a status conference at 10:00 a.m. on September 22, 2021. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261.

SO ORDERED.

Dated: September 14, 2021
      New York, New York

JOHN P. CRONAN
United States District Judge